The demurrer raises the question whether the facts disclosed in the amended petition entitle the plaintiff in error to the relief sought, to wit, a writ of mandamus to compel the commissioners "to issue a voucher to the relator for this said sum of money," and "that they order the correction of the said assessment list" and issue an order "commanding the said Henry H. Forsthoefel, auditor aforesaid, to deliver his warrant to the treasurer of Mercer county, Ohio, in favor of the relator for said amount."
Plaintiff in error claims to have paid his assessment for the improvement in question under protest and now seeks to recover back such payment. No mistake is claimed as to amount or description of property or clerical error, but the fundamental error is claimed that the entire assessment is void for the reason that "the commissioners had had no jurisdiction and no authority to place the said assessment against plaintiff's land." He paid his assessment July 22, 1921, under protest, and made *Page 508 
the discovery of the invalidity of the same on June 15, 1926, although it appears that relator began a suit in the common pleas court of Mercer county attacking the validity of the assessment.
Much is said in the amended petition about a test case involving the validity of this assessment, brought by one Hellwarth, and that the county commissioners and others agreed to "abide the result of said case to effectuate a settlement of the legal proposition that might result in the determination of the said Hellwarth case." The amended petition does not disclose the outcome of the Hellwarth case, but in any event the matter must center around a disposition made of the paramount question involved, to wit, Is the plaintiff entitled to a writ of mandamus?
In his brief filed herein, plaintiff in error claims the right to have the auditor's duplicate corrected in the particulars averred in his amended petition, under Sections 2588, 2588-1 and 2589, General Code. An examination of these sections will disclose that the errors referred to therein are clerical errors rather than a fundamental error as claimed by Pulskamp. The assessment complained of seems to have been placed against the land of the plaintiff in error by the deliberate act of the county commissioners, and the entire amount of such assessment, and the right of the commissioners to so make it, is the question involved. This is surely fundamental in character and not clerical, and the sections of the General Code referred to relate to corrections which are not of such character as that claimed by the plaintiff in error, to wit, invalidity for want of jurisdiction in the premises for the commissioners to assess him in any amount. *Page 509 
Now the plaintiff in error seeks to recover back from the county the amount of this assessment paid under protest. Section 12075, General Code, provides that the common pleas court may entertain actions to recover back collections of assessments which are illegally made, without regard to the amount thereof, but no recovery shall be had unless the action is begun within a year from the time the taxes or assessments are paid.
If Pulskamp had availed himself of this section within the period fixed, he would have had an adequate remedy at law. It may be that the suit brought by Pulskamp in 1921 was of that character, and for aught that appears in the amended petition such case is still pending, unless it be that the so-called Hellwarth case disposes also of the relator's case. The amended petition is not clear upon this point. However, a writ of mandamus is only issued when the relator shows a clear right thereto, and when no adequate remedy at law exists. State, exrel. Tax Comm. of Ohio, v. Mills, 103 Ohio St. 172,132 N.E. 727; State, ex rel. Phelps, v. Gearheart, Supt. of Ins.,104 Ohio St. 422, 135 N.E. 606.
Entertaining the view that Sections 2588, 2588-1 and 2589, General Code, do not afford the relief the relator seeks, because the errors of which he complains are fundamental in character and not of the nature provided for in said sections, it follows that the writ of mandamus must be denied.
There is another and further reason why this demurrer should have been sustained. The second ground thereof recites that the amended petition does not state facts sufficient to authorize the court to grant any relief. *Page 510 
In order to entitle a party to recover back taxes, it must appear that the same were involuntarily paid, and an examination of the record in this case would show that the taxes were paid voluntarily, rather than otherwise. It is true the amended petition contains the averment that the treasurer refused to receive the balance of his taxes unless the assessment in question was also paid, but it does not appear that any of the processes for the collection of taxes were enforced against the relator, or were about to be enforced, although he avers that he believed that, if he did not so pay his assessment, they would resort to drastic measures provided by statute for nonpayment of taxes and assessments, and believed that, as soon as it was determined that his said assessment was taken wrongfully, or without jurisdiction, it would be returned to him. This does not amount to an involuntary payment within contemplation of the law. The rule has been laid down by this court in Whitbeck, Treas., v. Minch,48 Ohio St. 210, 31 N.E. 743, wherein it is said: "A party who pays an illegal assessment upon his property, cannot recover it back in a suit against the treasurer, unless the payment was an involuntary one. To constitute the payment an involuntary one, it must appear that the treasurer was about to levy a distress upon the property of the party charged with the assessment: a simple protest against the validity of the assessment, with notice to the treasurer that the party intends to bring suit to recover it back, is not sufficient. In such case the general rule applies that, if litigation is intended, it must precede payment, where, as in such cases, the party has a plain remedy provided *Page 511 
by statute, Section 5848, Revised Statutes, and may resort to the same, and thereby avoid a distress of his property." This was a case involving a sewer assessment in the city of Cleveland and involved payment under protest.
The amended petition does not show that either the auditor or treasurer acted outside the legal scope of his office. There is nothing averred that either of them spoke a word or took or threatened any action to enforce payment. All the protective and preventive means of a court lay at the hands of the relator, uninvoked and unemployed. He was presumed to be aware of all his legal rights and acquainted with all the facts. In the absence of acts amounting to duress or coercion, and where there is no legal compulsion, or at least proceedings legally instituted by the officials, or threatened to be instituted, for distraint, or to subject the property upon which the assessment was made to sale for the collection of the same, or amounting to a threat to institute such proceedings and thus subject the relator to costs and expenses, can a party making such payment, under such circumstances, be said to be acting involuntarily?
We are not unmindful of the decisions of this court inWestern Union Tel. Co. v. Mayer, Treas., 28 Ohio St. 521, andRatterman, Treas., v. Express Co., 49 Ohio St. 608,32 N.E. 754, in which it was held that payments made to avoid excessive and drastic penalties were not involuntary. However, both of those cases involved the construction of a statute which provided for extreme penalties and sentences of a penal nature for its violation. It was held in both cases that the payments were not involuntary. *Page 512 
An examination of the earlier cases of Mays v. City ofCincinnati, 1 Ohio St. 268; Baker v. City of Cincinnati,11 Ohio St. 534; Stephan, Treas., v. Daniels, 27 Ohio St. 527;Catoir v. Watterson, 38 Ohio St. 319, and Wilson v. Pelton,40 Ohio St. 306, does not disclose anything inconsistent with the conclusions of Whitbeck v. Minch, supra; and the weight of authority outside this state we feel justifies this conclusion, that a more protest and a threat of litigation to recover back by the taxpayer are not sufficient to constitute an involuntary payment. Cooley on Taxation, Section 1283, page 2566. In the case of Wilson v. Pelton, supra, at page 310 of 40 Ohio St., it is said: "But in no case has it been held that the fact that the treasurer could by law enforce payment was to be regarded as a menace to the taxpayer, which of itself rendered all payment involuntary and enforced. * * * We think these powers given to the treasurer, without effort on his part to resort to the enforcement of them, do not have the effect to make the payment involuntary. If they did, it would be difficult to see how any payment could be voluntary."
See, also, De Baker v. Carillo, 52 Cal. 473; Bucknall v.Story, 46 Cal. 589, 13 Am. Rep., 220; Shane v. City of St.Paul, 26 Minn. 543, 6 N.W. 349; Phillips v. Bd. ofCommrs. of Jefferson County, 5 Kan. 412; Commrs. of WabaunseeCounty v. Walker, 8 Kan. 431; Kansas Pac. Ry. Co. v. WyandotteCounty Commrs., 16 Kan. 587; Powell v. Bd. ofSupervisors of St. Croix County, 46 Wis. 210, 50 N.W. 1013;Babcock v. City of Fon Du Lac, 58 Wis. 230, 16 N.W. 625;Baltimore, Mayor, etc., City of, v. Lefferman, 4 Gill (Md.), 425, *Page 513 
45 Am. Dec., 145; Union Pac. Rd. Co. v. Commrs., 98 U.S. 541,25 L.Ed., 196; Lamborn v. County Commrs., 97 U.S. 181, 24 L.Ed., 926;Union Pac. Rd. Co. v. McShane, 89 U.S. (22 Wall.), 444,22 L. Ed., 747; Spring Valley Coal Co. v. State, 198 Ind. 620,154 N.E. 380; Brunson v. Bd. of Directors of Crawford County,107 Ark. 24, 153 S.W. 828, 44 L.R.A. (N.S.), 293, Ann. Cas., 1915A, 493; Nashville, C. St. L. Ry. Co. v. MarionCounty, 120 Tenn. 347, 108 S.W. 1058; 4 L.R.A., 304, note; 37 Cyc., 1178, note 54; 26 Ruling Case Law, 455, Section 411.
Under this announcement of the rule, this record does not show that Pulskamp involuntarily paid his taxes. Such being the case, it follows that he cannot recover back, for the fact that the treasurer could by law enforce payment is not to be regarded as a menace to the taxpayer, which of itself would render all payment involuntary and enforced.
Such being our conclusion, it follows that the judgment of the Court of Appeals in sustaining the demurrer to the amended petition was right, and the judgment is therefore affirmed.
Judgment affirmed.
MARSHALL, C.J., ALLEN, KINKADE, ROBINSON, JONES and MATTHIAS, JJ., concur. *Page 514