Sohngen, J.
 

 Are the conservancy assessments levied, under authority of the Conservancy Act of Ohio, Sections 6828-1 to 6828-79, inclusive, General Code, a lien destroyed by a mortgage foreclosure action wherein the county treasurer to whom the
 
 *610
 
 assessments have been certified for collection is made a party, and wherein the petition prayed that defendant treasurer “be required to answer and set up any claim that he might have by virtue of unpaid taxes and assessments against the premises involved , in said litigation,” where the treasurer fails to set up any claims and allows a default judgment to b.e taken against him?
 

 The Conservancy Act of Ohio was enacted under authority of Section 36, Article II of the Constitution of Ohio, adopted in 1912, which section provides that “laws may be passed * * # to provide for the conservation of the natural resources of the state, including streams, lakes, submerged and swamp lands and the development and regulation of water power and the formation of drainage and conservation districts * * *.”
 

 Conservancy districts are political subdivisions of the state; their functions are essentially those of the state, an exercise of part of the sovereign power for the welfare of the people. These districts are created and governed solely under the Conservancy Act' of Ohio.
 

 Section 6828-76, General Code, reads as follows:
 

 “All acts or parts of acts conflicting in any way with any of the provisions of this act, in regard to improvements of this or a similar character, or regulating or limiting power of taxation or assessment, or otherwise interfering with the execution of this law according to its terms, are hereby declared inoperative and ineffective as to this act, as if they did not exist. But all such laws and parts of laws shall not be in any other way affected by this law. This act shall not repeal the act passed April 10, 1913, and appoved [approved] April 12, 1913, (volume 103, page 141, Ohio Laws), but it shall be an additional remedy. ’ ’
 

 
 *611
 
 It clearly appears from the above section that it was the intent of the General Assembly that conservancy districts should be controlled solely by the Conservancy Act of Ohio, and we must, therefore, coniine our consideration to such act in order to determine the status of conservancy assessments.
 

 The Conservancy Act of Ohio among other things authorizes the districts to levy assessments upon property in the district. It further provides that conservancy assessments are, after certification, a lien upon the property
 
 until paid.
 
 Section 6828-53, General Code, which creates this lien, reads in part as follows:
 

 “All conservancy assessments and taxes provided for in this chapter, together with all penalties for default in payment of the same, all costs in collecting the same, including a reasonable attorney’s fee, to' be fixed by the court and taxed as costs in the action brought to enforce payment, shall, from date of filing the certificate herein described in the office of the auditor for the county wherein the lands and properties or publio corporations are situate,
 
 until paid,
 
 constitute a lien, to which only the lien of the state for general state, county, city, village, school and road taxes shall be paramount, upon all the lands and other property or public corporation against which such taxes shall be levied as is provided in this chapter.” (Italics ours.)
 

 The language of the above section is clear and unequivocal, and makes the lien of the assessments of a conservancy district, like the lien of the state for taxes, effective
 
 until paid,
 
 and secondary only to the state’s paramount lien for taxes.
 

 In the case of
 
 Grafton
 
 v.
 
 Mong, Aud.,
 
 134 Ohio St., 416, 17 N. E. (2d), 649, the plaintiff purchased land
 
 *612
 
 in Ohio, at a judicial sale, and paid to the sheriff the purchase price of the land upon delivery of the deed therefor. In the order confirming the sale, the court directed payment of the court costs and of the taxes which were then a lien on the real estate involved, and further directed the sheriff to withhold' from the proceeds of the sale a sum sufficient for that purpose. Such taxes were not paid by the sheriff and were later placed upon the tax duplicate and certified for collection. Plaintiff contended that such certification constituted a cloud on his title to the premises purchased. In deciding that case, this court said on page 418:
 

 “In the determination of this case it is necessary to recognize the plain language of Section 5671, General Code, passed in furtherance of the public interest, and reading:
 

 “ ‘The lien of the state for taxes levied for all purposes, in each year, shall attach to all real property subject to such taxes on the day preceding the second Monday of April, annually,
 
 and continue until such taxes, with any penalties accruing thereon, are paid
 
 * * V (Italics ours.)
 

 “Therefore, in the present case we have a situation where the court made an order that a part of the proceeds from a judicial sale of real estate, in the hands of the sheriff, should be applied by him to the payment of taxes. For some reason, undisclosed by the petition, he failed to comply with the order. Retention of the money by the sheriff was not payment to the treasurer, the official designated by law to receive tax moneys. The treasurer never got the money and, by the express terms of Section 5671, General Code, taxes continue a lien upon real property until paid.”
 

 By the express provisions of Section 6828-53, Gen
 
 *613
 
 eral Code, conservancy assessments remain a lien
 
 until paid.
 

 The plaintiff contends that since the treasurer was made a party to the foreclosure action, the conservancy district is estopped from asserting its lien, on the theory that the treasurer was the agent of the district. It is the opinion of this court that by reason of the express language contained in Section 6828-53, General Code, neither the treasurer nor the conservancy district was a necessary party to the foreclosure action, and no act of the. treasurer would destroy the lien of the conservancy district for its assessments. The treasurer, although he has a statutory duty to collect these assessments, is not such an agent of the conservancy district that his default would bind the conservancy district or destroy its lien.
 

 Since we are of the opinion that plaintiff’s petition does not state a cause of action against 'the county treasurer and tie Miami Conservancy District, and that the courts below were correct in so holding, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, =C. J., Turner, Matthias,. Hart, Zimmerman and Stewart, JJ., concur.