THE STATE, EX REL. BOWERS, PROS. ATTY., APPELLEE, *v.*
MAUMEE WATERSHED CONSERVANCY DISTRICT ET AL.,
APPELLANTS; ET AL., APPELLEES.

(No. 179—Decided July 30, 1954.)

*Mr. Anthony J. Bowers,* prosecuting attorney, *Mr. J. Thomas Guernsey* and *Mr. Albert T. Stroup,* for appellee.

*Mr. Karl H. Weaner, Jr., Mr. John W. Winn* and *Mr. Robert C. Ragan,* for appellants.

GRIFFITH, J. This is an action brought by the state of Ohio on the relation of the Prosecuting Attorney of Allen County praying for a declaratory judgment determining the right of recovery of Allen County and other counties of certain funds which resulted from two levies made by the Maumee Watershed Conservancy District, one levy made in 1951, and the other levy made in 1952.

The type of the case is chancery in character and properly appealed on questions of law and fact. The action was brought by the relator in the Court of Common Pleas of Defiance County, the seat of the district.

The petition was filed on September 14, 1953. The tax levies were placed for collection on the 1951 and 1952 tax duplicates respectively, and the county treas-

urers, except for some minor delinquencies, collected all the taxes so certified.

Three primary questions present themselves in this appeal.

1. Were the levies illegal?

2. Could the district retain the funds it already had received from the county treasurers?

3. Could the district require the payment over to it of any collections now remaining in the custody of the county treasurers?

The first question is answered by the Supreme Court in the case of the *State, ex rel. Lewis, Pros. Atty.,* v. *Scioto-Sandusky Conservancy District,* 160 Ohio St., 155, 113 N. E. (2d), 633, wherein it says beginning on page 159:

"'* * * the 'preliminary tax' referred to in Section 6828-43, General Code, is in fact a tax subject to the ten-mill limitation imposed by the constitutional provision, as concerns conservancy districts organized after the effective date of such provision.

"We, therefore, conclude that the 'preliminary tax' provided for in Section 6828-43, General Code, is a tax as contemplated by Section 2, Article XII, of the Constitution and comes within the scope of Section 5625-2, General Code, a part of the Uniform Tax Levy Act which requires that 'the aggregate amount of taxes that may be levied on any taxable property in any subdivision or other taxing unit of the state shall not in any one year exceed ten mills of each dollar of tax valuation,' * * *.

"Admittedly, the 'preliminary tax' levied by the conservancy district under Section 6828-43, General Code, was not submitted to the budget commissions of the counties as a levy within the ten-mill limitation, nor was it submitted to a vote of the people for approval or disapproval as a tax beyond the ten-mill limitation."

The tax authorized by Section 6828-43, General Code (Section 6101.45, Revised Code), in the instant case was illegally assessed because it was not submitted to the respective county budget commissions as a levy within the ten-mill limitation, nor was it submitted to a vote of the people as a tax levy beyond the ten-mill limitation.

This tax having been illegally levied and collected and having been paid over to the county treasurers of the district could be recovered, if at all, only by the remedies set forth in Chapter 2723, Revised Code, entitled, "Enjoining and Recovering Illegal Taxes and Assessments."

No other method of recovery is provided and, because the requirements of this section of the code have not been met, the funds already turned over to the district may not be retrieved since the statute of limitations (Section 2723.01, Revised Code) bars recovery; and our holding is that the district may retain such funds.

Could the district require the payment over to it of any funds now collected and remaining in the hands of the county treasurers is the third question presented.

These taxes were collected by the respective county treasurers acting as representatives of the district; before these county treasurers were appointed by the district, they were required to meet certain qualifications of the district and, in collecting these taxes, they were performing services for the district which is a distinct political subdivision of the state operating as a distinct entity independently of any county, city, or other political subdivision. (*State, ex rel. Cromwell, v. Myers,* 80 Ohio App., 357, 73 N. E. [2d], 218.)

Title to the monies which were paid by the taxpayers to the county treasurers, upon the payment of

the same, immediately and completely passed to the district. The funds were never the property of the county; true, they were public funds collected by the county treasurer for and on behalf of the district, and they were in his custody as agent of the district but never in the custody of the county treasurer as such county official.

The district would have no redress against the Treasurer of Allen County or his bondsmen to the county; its rights would be relegated to recovery against the county treasurer as the district representative and to his bondsmen to the district for the faithful performance of his duty to the district.

These funds are public monies. They are in the hands of the county treasurer, he holding them as agent for the district, the county having no title or interest in them whatsoever.

These taxes were not paid under any mistake of fact or any misapprehension. They were levied and voluntarily paid under a mistake of law of which the district as well as the prosecuting attorneys of the various counties comprising it were innocent. All believed them to be legal taxes until July 15, 1953.

The board of directors of the district had authority to make levies for this preliminary tax. The tax levy was made under color of right and authority. The Constitution set the limitation. The district, by an erroneous exercise of the power conferred upon it, proceeded to make the levy, and the taxes were collected. The violation by the district of the mechanics provided by the statute rendered the levy illegal.

The auditor of any county could have refused to place either of the assessments levied by the district upon the tax duplicate, and the treasurer of any county could have refused to collect the same. Any taxpayer could have enjoined the collection of the levy,

or he could have paid it and made protest as provided by Section 2723.03, Revised Code, and could have, within one year, recovered the amount paid.

Why did not the relator who commenced this litigation, in the filing of his petition, precede rather than follow the payment of these taxes? The constitutional limitation (Section 2, Article XII) was in full force and effect at the time of the establishment of this district in 1949. Section 12075, General Code, now Section 2723.01, Revised Code, was likewise in full force and effect. The Supreme Court interpreted the meaning of "preliminary tax" on July 15, 1953, holding it to be a tax subject to the constitutional limitation adopted by the voters of Ohio in 1953.

This is not a taxpayer's action for the recovery of monies which the county treasurer had wrongfully collected. The relator is the Prosecuting Attorney of Allen County and, in his official capacity, he seeks to recover the funds paid over to the district as well as retain the monies in the hands of the treasurer. If the relator has a right to maintain this action, it must come through Section 309.12, Revised Code.

A prosecuting attorney cannot, in his official capacity, maintain an action to vindicate the taxpayers from an illegal tax that has been paid. He is not the real party in interest. Allen County is not the real party in interest. The county has no pecuniary interest in these monies paid pursuant to these two tax levies.

The public funds were never the property of the county, nor were they ever in the hands of the county treasurer as such county official. The relator does not come within any of the provisions of said section of the Revised Code and has no right to maintain this action.

Illegal as these tax collections were, we hold that illegal taxes paid voluntarily under mistake of law

cannot be recovered by the taxpayer in the absence of statutory authority for such recovery. The taxpayer had the burden of showing the illegality of the taxes exacted, within one year from the payment thereof.

In the instant case, the only statutory authority is Section 2723.03, Revised Code, and the taxpayer not having availed himself of or complied with the provisions of this section is barred recovery. If the taxpayer has no right of recovery, a fortiori, neither the state of Ohio, on relation of Anthony J. Bowers, Prosecuting Attorney of Allen County, nor anyone else has any right of recovery.

We hold that the levies were illegal and in violation of the Constitution and the statutes; that the funds raised by the levies now in the hands of the conservancy district should not be returned to the county treasurers; and that the county treasurers should turn over the balance of all funds collected by them to the district.

Since we have reached the above conclusions, the other questions presented are of no moment.

*Judgment accordingly.*

NICHOLS and PHILLIPS, JJ., concur.

(GRIFFITH, P. J., NICHOLS and PHILLIPS, JJ., of the Seventh Appellate District, sitting by designation in the Third Appellate District.)