THE STATE, EX REL. THE SCIOTO-SANDUSKY CONSERVANCY
DISTRICT, v. ROBISON, TREAS., ET AL.

(No. 133—Decided August 6, 1955.)

Mr. Allen I. Pretzman, for relator.

Mr. Richard L. Davis, prosecuting attorney, for respondents.

Per Curiam. This is an action in mandamus instituted in this court under favor of Section 6101.77 of the Revised Code, which section is part of the Conservancy Act of Ohio. The relator, the Scioto-Sandusky Conservancy District, is seeking an order to compel Walter L. Robison, the respondent, as the Treasurer of Highland County and, also, as an individual, to pay over to the relator a certain sum of money, the proceeds of the collection of an assessment made by the relator. The respondent has filed an answer, and the case has been

submitted upon an agreed statement of facts, the pertinent parts of which may be summarized as follows: That the relator, the Scioto-Sandusky Conservancy District, is a body corporate, a political subdivision of the state of Ohio, duly organized and existing under and by virtue of the Conservancy Act of Ohio, Sections 6101.02 to 6101.84, inclusive, Revised Code; that six townships of Highland County are included in the territorial limits of the conservancy district; that in pursuance of Section 6101.45, Revised Code, the directors of the relator district, on August 5, 1952, passed two assessment resolutions constituting the second .3-mill resolution permitted to the conservancy districts under Section 6101.45, Revised Code; that after the adoption of the resolutions they were sent to the Auditor of Highland County, by him extended upon the tax duplicate of that county and, thereafter, duly certified to the Treasurer of Highland County for collection in accord with the Conservancy Act of Ohio; that the Treasurer of Highland County, in due course, proceeded to collect the assessment and, on May 13, 1953, remitted to the conservancy district the sum of $5,882.17, being the proceeds of the first collection of 1953, pursuant to the August 5, 1952, resolutions of assessments; that subsequent to the second levy of August 1952, by the relator district, the Supreme Court of Ohio, on July 15, 1953, in the case of *State, ex rel. Lewis, Pros. Atty.,* v. *Scioto-Sandusky Conservancy District,* 160 Ohio St., 155, 113 N. E. (2d), 633, held that levies made by conservancy districts in Ohio under Section 6828-43, General Code (Section 6101.45, Revised Code), were taxes and not assessments, and that the relator conservancy district had adopted the wrong procedure in making its second levy, in that it had not followed the county budgetary procedure in submitting its budget to the county budget committee, to be approved within the ten-mill limitation, or, failing.that, did not submit the district levy to a vote of the people; that on March 15, 1955, the Board of Directors of the Scioto-Sandusky Conservancy District adopted a resolution instructing the treasurer of the conservancy district to make a demand upon the respondent, Walter L. Robison, as Treasurer of Highland County, and Walter L. Robison, individually, pursuant to Section 6101.65, Revised Code, for the immediate payment to the relator district

of all funds in his hands as treasurer or as an individual, as of the first day of April 1955; that the respondent, Robison, on that day had in his hands as treasurer or as an individual the sum of $108.46, being the funds collected by him pursuant to the district levy of August 5, 1952, subsequent to the original payment made by the respondent to the relator district of May 13, 1953; that the respondent made all the collections of the assessment between January 1, 1953, and August 1, 1953; that the respondent has refused to turn over to the district any money in his hands pursuant to the collection following the second levy of the conservancy district; that at the time of paying the conservancy taxes no taxpayer of Highland County filed any written protest whatsoever with Walter L. Robison, as Treasurer of Highland County or as an individual; and that no suits of any kind were filed by any Highland County taxpayer against respondent or against the Scioto-Sandusky Conservancy District in either Highland or Franklin County, in which suit a taxpayer would seek to recover conservancy taxes.

Mandamus is defined by Section 2731.01, Revised Code, as follows:

"Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

In order for the relator to be entitled to a writ of mandamus it must appear that the respondent has failed to perform a duty specially enjoined upon him by law. What special duty has the respondent failed to perform? Under the Conservancy Act of Ohio, Sections 6101.01 to 6101.84, inclusive, Revised Code, the county treasurers of the counties comprising the district are enjoined with the duty of collecting the conservancy taxes under the general tax laws and of making prompt payment of the tax collected to the treasurer of the conservancy district. Section 6101.65, Revised Code, reads as follows:

"If any county treasurer or other person entrusted with the collection of assessments fails to make prompt payment of the tax or any part thereof collected under Sections 6101.01 to 6101.84, inclusive, of the Revised Code, to the treasurer of the conservancy district upon his presentation of a proper demand,

he shall forfeit ten per cent on the amount of his delinquency. Such forfeiture shall at once become due and payable and both he and his sureties shall be liable therefor on his official bond. The county treasurer shall retain for his services one per cent of the amount he collects on delinquent taxes.''

Under the provisions of Section 6101.58, Revised Code, the county treasurer of each county in the district in which lands or other property are located is required to execute to the district and deliver to the board of directors of the district a bond separate from that required of a county treasurer.

The only excuse the respondent gives for his failure to turn over the funds in his hands to the district is that under the decision of the Supreme Court of Ohio, in the case of *State, ex rel. Lewis,* v. *Scioto-Sandusky Conservancy District, supra* (160 Ohio St., 155), it was held that the taxes, the proceeds of which are in dispute, were collected illegally, in that the levies were taxes and not assessments and, as such, the district should have followed the county budgetary procedure, which was not done; and that the taxes having been illegally collected, the relator district is not entitled to the proceeds.

It has been held in the case of *State, ex rel. Cromwell,* v. *Myers,* 80 Ohio App., 357, 73 N. E. (2d), 218, that in collecting conservancy assessments a county treasurer is performing services which are not prescribed as his duties under general law and is acting for the district and not for the county. Also, in the case of *Shaw* v. *Myers, County Treas.,* 148 Ohio St., 608, 76 N. E. (2d), 603, it is held that a county treasurer, in the performance of his duties to collect conservancy assessments, is an instrumentality or agent of the conservancy district. Money in his possession as such agent or instrumentality of the conservancy district is in the possession of the district. The possession of the agent is possession of the principal.

In the case of *State, ex rel. Bowers, Pros. Atty.,* v. *Maumee Watershed Conservancy District,* 98 Ohio App., 111, 128 N. E. (2d), 208, in the Court of Appeals for Defiance County, it is held, under an identical factual situation, in an action for a declaratory judgment that taxes collected illegally, as in the instant case, for the same reason as determined in the *Lewis case,* should be turned over to the district. We concur in the conclusions

reached in that decision to the effect that the taxes thus illegally collected do not belong to the county or to the county treasurer, either in his official capacity or as an individual, and that any claim for a refund the taxpayers may have had is barred by the statute of limitations. Section 2723.01, Revised Code, provides that actions to recover the collection of an illegal levy of taxes must be brought within one year after the taxes or assessments are collected. Any rights the taxpayers of Highland County may have had to a refund of the public moneys, the subject of this action, are also barred by their failure to comply with Section 2723.03, Revised Code, which, in effect, requires a plaintiff in such an action to allege and prove that he, at the time of paying such taxes or assessments, filed a written protest as to the portion sought to be recovered.

On behalf of the respondent it is contended that mandamus is not the proper remedy in the instant case. The *Bowers case* was an action for declaratory judgment, and the relator in the present case could have had the rights of the respective parties to the public moneys in the hands of the respondent determined in such an action. However, under the provisions of Section 6101.77, Revised Code, the relator may also resort to an action in mandamus. That section reads as follows:

"The performance of all duties prescribed in Sections 6101.01 to 6101.84, inclusive, of the Revised Code, concerning the organization and administration or operation of the conservancy district may be enforced against any officer or against any person or corporation refusing to comply with any order of the board of directors of the conservancy district *by mandamus* at the instance of the board or of any person or public corporation interested in any way in such district or proposed district. The board may institute such proceedings in the Court of Appeals in the first instance." (Emphasis added.)

That Section is a special statutory grant of power to the conservancy district and entitles the relator in the instant case to seek relief in mandamus rather than in an action at law, in a court of equity or other special proceeding.

Our conclusion is that under the agreed statement of facts and the statutory provisions of the Conservancy Act of Ohio the respondent was acting as the agent of the conservancy dis-

trict in the collections of the assessments; that the moneys in the possession of the respondent, although illegally collected, are the property of the relator; that a legal duty rests upon the respondent to pay over such funds to the relator; and that upon respondent's failure to perform that duty the relator is clearly entitled, under the provisions of Section 6101.77, Revised Code, to a writ of mandamus. Therefore, the writ is allowed.

*Writ allowed.*

McCurdy, P. J., Gillen and Collier, JJ., concur.