This is an appeal on questions of law and fact by one of the defendants, Scioto-Sandusky Conservancy District, from a judgment of the Common Pleas Court of Franklin County. An appeal undertaken by The Sharon Realty Company, plaintiff in a companion case consolidated with the railroad case for trial below, was dismissed upon motion of the railroad prior to the hearing de novo of the instant case.
 I.
Consideration upon this appeal of many matters discussed in the briefs is unnecessary. The petition herein was filed prior to the decision of the Supreme Court in State, ex rel. Lewis,Pros. Atty., v. Scioto-Sandusky Conservancy District (July 15, 1953), 160 Ohio St. 155, 113 N.E.2d 633, and apparently plaintiff raised every conceivable question relating to the procedure followed by the district incident to the levy of the tax in question. With many of these questions we are not concerned, since the Supreme Court in the Lewis case has held that the procedure incident to the collection of the tax without a vote of the people was illegal. Upon this appeal, a majority of this court feel compelled to accord due regard to the decision of the Supreme Court in the Lewis case.
In the Lewis case, the court recognized the power of the district to levy the second assessment but held that it was a tax and not an assessment, required to be submitted according to budgetary procedure and to a vote of the people for approval or disapproval. In that case, the two writs of mandamus brought by the district were denied; a demurrer to a petition by *Page 63 
a Franklin County taxpayer to require the auditor to comply with the resolutions of the district was sustained. In the quo warranto action brought by Clyde E. Lewis, prosecuting attorney of Delaware County, against the district, challenging its power to levy the assessment, the right of the district to levy the assessment was sustained.
We, therefore, proceed to determine this appeal upon the premise that the collection of the tax in question was illegal and that, if the plaintiff herein has not waived its right to injunctive relief, its collection should have been permanently enjoined.
In the instant case plaintiff, on March 30, 1953, brought its action on its own behalf and on behalf of all owners of real property in Franklin County, seeking to enjoin the collection of a levy of three-tenths of a mill on the assessed valuation of property within the conservancy district including Franklin County. On April 13, 1953, a restraining order was entered, ordering that, pending further order of the court, collection of the levies made by the district on August 5, 1952, against the land and property of the plaintiff and six enumerated utilities, be enjoined, and the defendant county treasurer was directed to omit said levies from the taxes to be collected at the current tax collection from the plaintiff and six other named utilities. The treasurer and auditor were also enjoined from paying any money collected by reason of such levy from any of the taxpayers, until further order of the court.
Notwithstanding the injunction, some 70,000 Franklin County taxpayers voluntarily paid approximately $243,000 upon the district levy to the county treasurer, which he had retained without investment since August 1952. On motion of the plaintiff, on October 26, 1954, the treasurer, as custodian thereof, was ordered to invest the amount in accordance with the Uniform Depository Act. On January 17, 1955, the order of October 26, 1954, was vacated and another order was entered directing that, until further order of the court, the money be deposited pursuant to the Uniform Depository Act in a fund separate and distinct from all other public funds. The order provided further that all interest upon such deposit be paid into the county treasury to the credit of the conservancy district fund.
On May 15, 1953, plaintiff paid its tax, in the sum of $2,288.87, *Page 64 
under protest, but no action at law was brought within one year thereafter for recovery of such taxes under Section 2723.01, Revised Code.
In Trustees v. Thoman (1894), 51 Ohio St. 285,37 N.E. 523, plaintiff for himself and 38 taxpayers, brought his action against the county treasurer to enjoin the collection of a tax on the ground that its assessment was illegal, and obtained a temporary injunction. By way of reply to an answer setting forth that the taxes had been paid, plaintiff alleged that the county treasurer unlawfully and in violation of the injunction, and in contempt of court, collected the tax under threat of declaring the same to be delinquent. In the opinion, at page 297, Minshall, J., said:
"But it also appears as we think from the pleadings, that judgment should have been rendered for the defendants, dismissing the petition; and that the court erred in overruling the motion for such judgment. By the amended and the supplemental petition, it appears that, since the commencement of the suit, the taxes had all been paid by those assessed, except that of the plaintiff, whose lands having been returned delinquent, were sold and the taxes, some 14 cents, paid by the purchaser. So that as to him there was nothing to enjoin, the tax having been paid; and there was nothing for him to recover back, as he had paid nothing. Having permitted his land to be sold, without enforcing the injunction against it, as he might have done, his remedy thereafter was to apply to the auditor of the county for its redemption, under the provisions of the statute in that regard, for the redemption of delinquent lands. Section 2889 and the following sections. The remedy is an adequate one, but can not be had in this suit, which, under the supplemental petition, is an action to recover back the tax, alleged to have been unlawfully assessed, and paid under duress. But if he, as the others, had paid the tax, there is no rule of pleading or practice by which he for himself and the others can prosecute an action to recover back the money so paid. A suit to recover back is quite different in the grounds upon which a recovery can be had, from a suit to enjoin a tax. In the latter case, each is not only interested in the question involved, but a judgment may be rendered in favor of all as a class, upon substantially *Page 65 
the same case, and terminate the litigation. Not so in an action to recover back money paid under duress. In such case the judgment must not only be for each according to the amount due him, but must depend upon whether each as an individual, paid voluntarily or involuntarily.
"But beyond this question of practice, it is shown by the supplemental petition that the payment by all of those who made payment was a voluntary act on the part of each; and that there is no ground for a recovery back by any of them. It appears from the record that at the commencement of the suit a temporary order was made restraining the collection of the tax until the further order of the court; and that it was during the pendency of this order that the payments were made. The averment of the supplemental pleading is: `That since the commencement of this action, and since the allowance and service of the injunction heretofore granted herein, which injunction has not been modified, and is still in full force and effect in law, the defendant, Christian Shonert, as treasurer of said county, unlawfully, in violation of said injunction, and in contempt of this court, did collect and receive the whole of said "special tax," and now has the same in the county treasury.' In this state of the case it is not possible to perceive how the parties, or any of them, can be said to have involuntarily paid any part of the tax for which a recovery is now sought. They were under no legal compulsion to do so. If they paid because of the threat of the treasurer to return their lands as delinquent and cause them to be sold, or to take any other coercive step, it was their own folly, during the pendency of the injunction, to have listened to or been influenced by such threat. With the injunction in force, the treasurer was powerless to adopt any compulsory steps whatever. If he had attempted to do so, he could at once have been attached and punished by the court for disobeying its order. So that each must have paid with entire freedom from anything like duress in law. It may not have been done with alacrity, but it was none the less a voluntary act. Ample protection is afforded by law to the taxpayer against illegal levies. He may in the first instance enjoin the collection; or, having been compelled to pay under circumstances, deemed duress in law, and against his protest, he may recover back the *Page 66 
amount paid; but it is unnecessary and contrary to its policy to permit both remedies to be adopted and pursued at the same time. Where the remedy by injunction is resorted to and a temporary restraining order obtained, he cannot be coerced into payment during its pendency, and payment under such circumstances must be deemed a voluntary act, or as a waiver of any objection to the validity of the tax.
"Judgment reversed, and judgment for the defendants below,dismissing the action of the plaintiff."
In Stevens v. Cincinnati Times Star Co., 72 Ohio St. 112,154, 73 N.E. 1058, 106 Am. St. Rep. 586, the court said that case was dissimilar, in its presumptions, from one where a property owner seeks to avoid the payment of an illegal assessment, and that "In such case it might naturally be presumed that the property owners would all be of the same mind in an endeavor to avoid an injustice," citing Armstrong v.Treasurer of Athens County, 10 Ohio, 235; State v. Ellis,10 Ohio, 456; Trustees v. Thoman, supra and Duncan v. Wills,51 Ohio St. 433, 38 N.E. 13.
So far as we are advised, the principles announced inTrustees v. Thoman have not been overruled or modified by subsequent decisions of the Supreme Court. The question arises, however, as to whether the decision has been modified by subsequent legislation. This requires an analysis of Sections2723.01 to 2723.05, Revised Code. The provisions contained in Sections 2723.01, 2723.02 and the first paragraph of 2723.03 and Section 2723.04, Revised Code, were first enacted in substantially their present form on April 10, 1856 (53 Ohio Laws, 178). The provisions contained in Section 2723.05, Revised Code, were added May 11, 1911 (102 Ohio Laws, 110). The second paragraph of Section 2723.03 was passed July 1, 1933 (115 Ohio Laws, 600).
Prior to 1856, there was practically no remedy either at law or in equity to recover an illegal assessment. The 1856 statute created new statutory rights of action not theretofore existing.Stephan, Treas., v. Daniels, 27 Ohio St. 527, 533. Under the 1856 act, prior to the enactment of Section 12078-1, General Code (Section 2723.05, Revised Code), in 1911, no reference was made to payment under protest, but Section 12075, General *Page 67 
Code (Section 2723.01, Revised Code) provides, "but no recovery shall be had unless the action be brought within one year after the taxes or assessments are collected." In 1875 it was held that the payment of an illegal assessment, under protest, to prevent a delinquent tax sale, was not voluntary and such payment was not a waiver of the taxpayer's right to recover back the illegal assessment so collected. Stephan v. Daniels, supra.
In Western Union Telegraph Co. v. Meyer, Treas. (1876),28 Ohio St. 521, the taxpayer brought a combination action to recover back taxes illegally assessed and to enjoin the collection of such taxes, possibly in futuro. The Supreme Court held that the payment of a tax to avoid a penalty provided by law, when made under protest with notice of an action to recover such tax, is not voluntary, and that an action to recover may be maintained if the tax is illegal. See, also, Ratterman, Treas.,
v. American Express Co., 49 Ohio St. 608, 32 N.E. 754. But in 1891, in Whitbeck, Treas., v. Minch, 48 Ohio St. 210,31 N.E. 743, the court held that one who pays an illegal assessment upon his property, can not recover it back in a suit against the treasurer, unless the payment was an involuntary one. To constitute the payment an involuntary one, it must appear that the treasurer was about to levy a distress upon the property and that a simple protest against the validity of the assessment, with notice to the treasurer that the party intends to bring suit to recover it back, is not sufficient. In such case the general rule applies that if litigation is intended, it must precede payment, as in such cases the party has a plain remedy provided by statute, Section 5848, Revised Statutes (Section2723.01, Revised Code), and may resort to the same, and thereby avoid distress of his property. In 1897, it was held that a taxpayer had no right, after voluntary payment, to enjoin an unconstitutional road tax. State, ex rel. Alter, v. Bader etal., Commrs., 56 Ohio St. 718, 47 N.E. 564.
It will thus be noted that voluntary payment of an illegal tax constituted a waiver of the right to enjoin the collection and defeated recovery in an action to recover such tax so voluntarily paid.
In 1928, the Supreme Court approved and followed the *Page 68 Whitbeck case, supra, distinguishing the Western Union andRatterman cases and holding that "a simple protest against the validity of the assessment is, even coupled with notice to the treasurer that the taxpayer will institute legal proceedings to recover back, not sufficient, but it must appear that payment was necessary in order to avoid the legal steps incident to the tax collection." State, ex rel. Pulskamp, v. Board of County Commrs.of Mercer County, 119 Ohio St. 504, 164 N.E. 755.
It is reasonable to assume that the second paragraph of Section 2723.03, Revised Code, was enacted as a result of the decision of the Supreme Court in the Pulskamp case. Its import is merely that an action to recover taxes shall not be dismissed on the ground that they were voluntarily paid if they are paid under protest with a notice of intention to sue. The paragraph obviously applied exclusively to actions to recover taxes and has no application to an action to enjoin the collection of taxes. The Supreme Court has recently again held, upon authority of the Pulskamp case, that one who voluntarily pays a license fee is estopped to complain. Superior Films, Inc., v. Department ofEducation, 159 Ohio St. 315, 335, 112 N.E.2d 311.
As above indicated, Section 12078-1, General Code (Section2723.05, Revised Code), was enacted in 1911. Research has failed to disclose the reason for its enactment. Prior to 1911 the taxpayer had two separate and distinct remedies: (1) An action to enjoin an illegal levy or collection of taxes, and (2) An action to recover such tax.
The action to recover was required to be brought within one year, and recovery, as well as injunctive relief, was denied if such taxes had been voluntarily paid.
The 1911 amendment provided that if, by judgment or final order of a court, in an action not pending upon appeal, it has been or shall be adjudged and determined that any taxes or assessments levied after January 1, 1910, were illegal, and such judgment or order has not been made or shall not be made in time to prevent the collection or payment of such tax or assessment, then such tax or assessment, or such part thereof as shall remain unexpended and in the possession of the officer, shall be repaid and refunded to the person paying such tax or assessment by such officer. *Page 69 
It may be noted that the section makes no distinction between a judgment or final order made in equity or at law, but it seems to imply that it would be determined in an action to enjoin levy or collection since it says, "is not made in time to prevent the collection or payment of such tax or assessment." The language presupposes another action — not one brought pursuant to this section, but a final order or judgment in an action brought pursuant to Section 2723.01, Revised Code.
But in the instant case the plaintiff, under the rule in thePulskamp case, voluntarily paid its tax notwithstanding the temporary restraining order it had previously obtained. Where the remedy by injunction is resorted to and a temporary restraining order obtained, the taxpayer can not be coerced into payment during its pendency, and payment under such circumstances must be deemed a voluntary act, or as a waiver of any objection to the validity of the tax. Trustees v. Thoman, supra.
In the light of the foregoing decisions and observations, the following conclusions are reached:
1. A taxpayer may bring a class action to enjoin the collection of taxes, but he may not convert such class action into one to recover taxes illegally collected.
2. One who has paid a tax claimed to be illegal, may not recover such tax by way of ancillary relief in an action for injunction. It is unnecessary and contrary to the policy of the statute to permit injunction and recovery to be pursued at the same time.
3. Having resorted to the remedy of injunction and obtaining a restraining order, plaintiff cannot be coerced into payment during its pendency, and payment under such circumstances is deemed a voluntary act, or as a waiver of any objection to the validity of the tax.
4. The record herein discloses that the plaintiff either has voluntarily paid the tax in question or has waived testing its illegality by making such payment, and that no other taxpayer in Franklin County has paid his tax under protest or brought suit for the recovery thereof within one year after payment.
The plaintiff is, therefore, not entitled to further injunctive relief, or to recover the tax so voluntarily paid. The other taxpayers, whom plaintiff purports to represent, likewise voluntarily *Page 70 
paid their tax and are likewise not entitled to injunctive relief.
It is therefore concluded, as in the Thoman case, that the petition herein should be dismissed at plaintiff's costs.
 II.
On March 19, 1954, the conservancy district filed a cross-petition for a declaratory judgment, in which it submitted a number of specific questions which it alleged arose as a result of the decision of the Supreme Court in the Lewis case.
To this cross-petition the plaintiff filed an answer, alleging that the questions submitted had no application to the taxes paid by plaintiff and prayed that the taxes paid be refunded.
In appellant's brief it is stated that the Common Pleas Court, in answer to its question No. 1, found that the levy was void because the district was without power to make the levy; that in answer to question No. 2, the court answered that the funds collected and in the possession of Newton D. Thatcher should not be paid to the treasurer of the Conservancy District; that in answer to question No. 2, the court apparently considered that it had answered that question in the disposition of question No. 2; and in relation to questions Nos. 4, 5 and 6, the court either did not answer or found that it was not judicially necessary to do so. An examination of the record fails to disclose any action by the Common Pleas Court with respect to the cross-petition or the questions therein propounded. Nevertheless, the cross-petition is before this court incident to the the appeal on questions of law and fact.
Any person whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under such instrument, statute, ordinance, contract or franchise, and obtain a declaration of rights, status, or other legal relations thereunder. Section 2721.03, Revised Code. Although the questions propounded involve the construction of Chapter 6101 of the Revised Code, they seek in the main an interpretation by this court of the decision of the Supreme Court in the Lewis case, supra. In our opinion, with the possible exception of the first question propounded, the other four questions should have been submitted to the Supreme *Page 71 
Court, by way of an application for clarification of its opinion in the Lewis case. We should not arrogate to ourselves a reinterpretation or amplification of the opinion in that case. Furthermore, the questions are hypothetical in character, and answers thereto would not necessarily terminate the uncertainty or controversial questions arising under the decision of the Supreme Court. In the main, they seek advice of this court concerning future action and procedure to be pursued by the district as a result of the decision in the Lewis case.
The first question submitted is:
"(1) Whether the funds so collected by Franklin County and in the possession of the Franklin County treasurer should be paid over to the treasurer of the Scioto-Sandusky Conservancy District."
Since it is stipulated that no suit for recovery of the taxes in question has been instituted within one year after collection, we find and determine that the funds voluntarily paid to the treasurer of Franklin County and in his possession are held by him as agent for the defendant, Scioto-Sandusky Conservancy District. State, ex rel. Cromwell, v. Myers, 80 Ohio App. 357,73 N.E.2d 218; Shaw v. Myers, County Treas., 148 Ohio St. 608,76 N.E.2d 603; State, ex rel., v. Robison (1955), Highland County Court of Appeals; State, ex rel., v. Counts
(1956), Madison County Court of Appeals; State, ex rel. Bowers,Pros. Atty., v. Maumee Watershed Conservancy District, 98 Ohio App. 111,128 N.E.2d 208.
 III.
Finding and judgment upon the petition for defendant Scioto-Sandusky Conservancy District. Petition dismissed at plaintiff's costs and cause remanded to the Court of Common Pleas for execution for costs.
Judgment accordingly.
GRIFFITH, J., concurs.
NICHOLS, J., concurs in the judgment.
FESS, J., of the Sixth Appellate District, and GRIFFITH and NICHOLS, JJ., of the Seventh Appellate District, sitting by designation in the Second Appellate District. *Page 72 
UPON the CROSS-PETITION, we find that the funds voluntarily paid to the treasurer of Franklin County and in his possession are held by him as agent for the defendant, Scioto-Sandusky Conservancy District.
GRIFFITH and NICHOLS, JJ., concur.