NORFOLK & WESTERN RAILWAY COMPANY,
a Corporation, Plaintiff-Appellee, v. GRIMSHAW, Treas.
SCIOTO SANDUSKY CONSERVANCY DISTRICT,
Defendants-Appellants.

Ohio Appeals, Fourth District, Scioto County.

No. 670.   Decided February 4, 1958.

*Messrs. Bannon, Howland & McCurdy,* for plaintiff-appellee.
*Messrs. Pretzman, Greenlee & Snowden,* for Scioto Sandusky Conservancy District.
*Mr. Everett Burton* and *Mr. Howard H. Harsha, Jr.,* for Floyd E. Grimshaw, Treasurer of Scioto County, Ohio, defendant-appellant.

For further history see *Omnibus Index* in bound volume.

GILLEN, J.   This is an action brought by plaintiff to recover from the Treasurer of Scioto County, Ohio, the sum of $367.18. The amount sought was the amount of the Scioto Sandusky Conservancy District second assessment for the year 1952 as taxed against plaintiff.   The total amount of taxes paid by

plaintiff to the County Treasurer on April 17, 1953, for the first half of the taxable year 1952 was $143,373.91. The petition alleges that the assessment by the Conservancy District was illegal and invalid by reason of the decision in the case of *State, ex rel. Lewis, v. Scioto Sandusky Conservancy District,* 160 Ohio St., 155. There the Court held, in effect, that, inasmuch as the District levy was a tax, failure to submit it to the county budget commission or a vote of the people rendered the tax illegal and invalid. The petition further alleges that the assessment was paid by plaintiff involuntarily and under protest. Upon application, the Conservancy District was made party defendant and permitted to file an answer. The pertinent part of the answer alleges that at the time the taxes were paid plaintiff filed no written protest as to the portion of the taxes sought to be recovered; filed no written protest specifying the nature of plaintiff's claim as to the illegality of said tax; and filed no written protest containing any notice of plaintiff's intention to sue for the recovery of said tax under Sections 2723.01 to 2723.05, inclusive, Revised Code, all of which requirements in respect of the contents of the written protest, are contained in the second paragraph of Section 2723.03, Revised Code; that, by virtue of the failure to file such written protest, the plaintiff's petition should be dismissed on the ground that the taxes so alleged to have been paid by the plaintiff were paid voluntarily.

The record shows that, prior to the payment of the tax, plaintiff received, from the County Treasurer, a tax bill containing a statement of all the taxes assessed against plaintiff including the amount of $367.18 allocated to the Conservancy District. At the time the tax was paid the tax bill filed with the Treasurer contained a statement that:

"The Scioto Sandusky Conservancy District assessment, in the amount of $367.18 is paid under protest."

It is urged by counsel for plaintiff that the foregoing statement was a substantial compliance with the provisions of Section 2723.03, Revised Code. It is apparent that the claimed protest does not specify the nature of the claim as to illegality or a notice of intention to sue for recovery. It has been said in

the case of *The Swetland Co.* v. *Evatt, Tax Commr.*, 139 Ohio St., 6, that:

"4. Under Section 12077, General Code, to avoid the defect of voluntary payment of taxes or assessments, the taxpayer, at the time of paying the taxes or assessments, must file a written protest as to the portion sought to be recovered, which written protest must (a) specify the nature of the taxpayer's claim as to the illegality thereof and (b) declare the taxpayer's intention to sue under Part 111, Title IV, Division VII, Chapter 7, General Code."

Section 12077, General Code, now Section 2723.03, Revised Code.

Although the factual situation in the foregoing case differs from the case at bar, the Court clearly states the requirements of a written protest to be filed by a taxpayer. The statute is mandatory in regard to the requirements of a protest filed by a taxpayer. Section 2723.03, Revised Code, provides that such protest 1) must be in writing, 2) must specify the nature of the claim as to illegality and 3) give notice of intention to sue for recovery. In the instant case plaintiff's protest failed to contain the last two requirements of the statute. In an action to recover taxes or assessments, or both, plaintiff must allege and prove strict compliance with the provisions of Sections 2723.01 to 2723.05, Revised Code, inclusive. See *State, ex rel. Bowers,* v. *Maumee Watershed Conservancy District*, 98 Ohio App., 111; also *State, ex rel. The Scioto Sandusky Conservancy District,* v. *Robison*, 101 Ohio App., 516.

It is the further claim of plaintiff that the tax payment was made under duress. In support of this claim it is urged that a penalty of ten percent amounting to over $14,000.00 would have been added to the tax bill if payment had not been made at the time. The legislature, however, has provided adequate relief to protect a taxpayer from the payment of illegal taxes. On pages 115 and 116 of the opinion in the case of *State, ex rel. Bowers,* v. *Maumee Watershed Conservancy District, supra,* the court said:

"Any taxpayer could have enjoined the collection of the levy, or he could have paid it and made protest as provided by Section 2723.03, Revised Code, and could have, within one year, recovered the amount paid.

"Why did not the relator who commenced this litigation, in the filing of his petition, precede rather than follow the payment of these taxes?"

We must conclude, therefore, that plaintiff did not file a protest in compliance with the provisions of Section 2723.03, Revised Code, and that under such circumstances the payment of the taxes was voluntarily made. It follows that plaintiff is not entitled to the relief sought. The judgment of the court below will be reversed and final judgment entered for defendant.

COLLIER, P. J., concurs.
RADCLIFF, J., not participating..