Matthias, J.
 

 It is contended that the county auditor failed to discharge a duty incumbent upon him, to wit, the deduction of the tax value of the old buildings removed, and that it was by reason of that nonperformance of duty upon the part of the auditor that the relators continued to pay taxes on those old buildings after they had been removed. The situation of which they complain did not result from any mere error in
 
 *120
 
 calculation or otherwise, but from a breach of duty-on the part of the auditor, being a failure to do an act required of him by law, which, if an error of the county auditor, is fundamental in character.
 

 However no duty was imposed upon the county auditor to make any change in the duplicate required by changes in the physical condition of the property unless and until such change in the physical condition thereof was brought to his attention. The taxes which the relators now seek to recover were voluntarily paid. Relators may not keep on paying taxes without protest and without question, and then recover the taxes thus voluntarily paid on the ground that they were ignorant of the facts relative to the failure of the county auditor to make deductions for property removed. The facts relative to the removal of the buildings were within their knowledge, and they knew, or could have readily ascertained, that no deductions had been made from the taxes on the duplicate by reason of the removal of such buildings. Furthermore the provisions of Section 2591, General Code, make it the duty of the owner of such property to bring to the attention of the county auditor the facts which he claims require deduction from the tax duplicate.
 

 The decision of this case could well rest upon a long-established and frequently applied rule recently restated and followed in
 
 State, ex rel. Pulskamp,
 
 v.
 
 Board of County Commrs. of Mercer County,
 
 119 Ohio St., 504, 164 N. E., 755. The issuance of a writ of mandamus would not be warranted by the facts pleaded. Mandamus, being an extraordinary remedy, is not available where there is a plain and adequate remedy in the ordinary course of law.
 
 State, ex rel. Tax Commission,
 
 v.
 
 Mills, Aud.,
 
 103 Ohio St., 172, 132 N. E., 727. Section 5624-10, General Code, provides a method of procuring the remission of taxes illegally assessed in consequence of the negligence or error of an officer in the performance of his duty, and Section
 
 *121
 
 12075, General Code, provides a method for the recovery of taxes illegally collected. It is provided in this section that there can be no recovery unless action be brought within one year after the taxes were collected. The failure to avail himself of his legal remedy within the period limited by the statute providing such remedy does not confer upon the taxpayer the right to the extraordinary remedy of mandamus.
 

 Judgment affirmed.
 

 Weygandt, ■ C. J., Day, Allen, Stephenson and Jones, JJ., concur.
 

 Kinkade, J., not participating.