**TREIBER et v JASTER**

Ohio Appeals, 1st Dist, Butler Co

No 697. Decided Oct 26, 1936

W. C. Shepherd, Hamilton, and P. P. Boli, Hamilton, for appellees.

John W. Bricker, Columbus, Joseph A. Goodman, Columbus, and Thomas M. Miller, Canton, for appellant.

**OPINION**

By MATTHEWS, J.

This case reaches this court on appeal on questions of law from the judgment of the Court of Common Pleas of Butler County.

The action was for the purpose of fixing the amount of compensation for land appropriated for highway purposes.

There have been two trials. At the first trial, the jury fixed the compensation at $2200.00. The property owner moved for a new trial on six grounds, one of which was that the compensation was wholly inadequate "and is contrary to and against the weight of the evidence." This motion was sustained and a new trial granted, but the journal entry does not disclose upon which one or more of the grounds the court acted in so doing. At the second trial, the jury fixed the compensation at $2000.00. The property owner again moved for a new trial this time alleging seven grounds one of which was that "The verdict is against the weight of the evidence," and another that the award was "wholly inadequate and is not supported by the evidence and was arrived at and determined by a misapprehension and misconstruction of the law as charged by the court." This motion was sustained in a journal entry reciting that: "The court finds that the award made by the jury for lands appropriated and damage to the residue is wholly inadequate and that the said appellants are entitled to a new trial." It is from this latter order that the appeal is prosecuted.

The cause comes before the court upon the appellees' motion to dismiss on the ground that no final order has been made and, therefore, that this court has no jurisdiction of the cause.

Ordinarily appeal cannot be prosecuted from an order granting a new trial. It is claimed that there is an exception to this general rule where the court abuses its discretion (**Webster v The Pullman Co., 51 Oh Ap 131**), (19 Abs 289), and that the case at bar presents an instance of abuse of discretion. The particular abuse claimed is that the order appealed from is the second order granting a new trial on the weight of the evidence in the same case to the same party; and that this is prohibited by the provisions of §11577, GC. We are of the opinion that the record does not present a case for the application of that section. The entry granting the first new trial does not specify the ground upon which it was granted, and the motion set forth many grounds other than the weight of the evidence.

It is claimed that there is a presumption that the court granted the new trial on the weight of the evidence. As we understand it, the presumption is just the contrary. Speaking on this subject in **State ex v Court of Common Pleas, 102 Oh St, 40**, at 42 and 43, the court said:

"We find no statutory provision requiring the trial court to pass upon all grounds stated in a motion for new trial. §12248, GC, provides that all errors assigned in a petition in error shall be passed upon by the court, but no such provision is found covering motions for new trial. It would seem, therefore, inasmuch as the legislature made specific provision in one instance without making any provision in the other, that if any presumption arises it would be presumed, upon well-settled rules of construction that the legislature did not intend to require that all the grounds set forth in a motion for a new trial should be passed upon. If a motion for a new trial is overruled, it will be conclusively presumed that all of the grounds are passed upon, but the same presumption does not arise where the motion is sustained. It might very well be that the trial court was convinced that there was one perfectly good reason for granting a new trial, and that it was therefore unnecessary to dwell upon other grounds."

In the bill of exceptions filed in this case there is no evidence of any sort relating to the ground or grounds upon which the court acted in granting either of these new trials. Counsel for appellant in his brief quotes what purports to be the opinion of the trial judge in granting the second new trial. If such an opinion was handed down by the trial judge it is sufficient to say that it has not been brought into the record, and this court cannot consider it to supply a fact not otherwise appearing in the record.

After the second new trial was granted, the appellant filed a petition in the Supreme Court for a writ of mandamus to require the trial judge to overrule the second motion for a new trial. **State ex Jaster v Kautz, Judge, 131 Oh St, 103.** In denying the writ in that case the court, it seems to us, clearly indicated that the circumstances presented a case where whatever error may have been committed should be corrected in the ordinary course by review after judgment. The court ended its opinion in that case by saying:

"Mandamus is not available where there is a plain and adequate remedy in the ordinary course of law. (**State ex Bassichis v Zangerle, County Auditor, 126 Oh St, 118, 184 NE, 289**), to correct an erroneous judgment by appeal on questions of law. (**State ex Schunk v Hamilton et, Judges, 127 Oh St, 555, 190 NE, 199**).

For these reasons, the motion to dismiss the appeal is sustained on the ground that the record fails to present a case of which this court has jurisdiction.

ROSS, PJ, concurs.