THE STATE, EX REL. MINER, *v.* INDUSTRIAL COMMISSION OF OHIO.

(No. 3894—Decided September 4, 1948.)

*Mr. Robert E. Hall,* for relatrix.

*Mr. Hugh S. Jenkins,* attorney general, *Mr. R. Brooke Alloway* and *Mr. Albertus B. Conn,* for respondent.

WISEMAN, P. J. Relatrix filed her petition in mandamus in this court alleging that on April 6, 1943, while regularly engaged in her employment at the Ohio Steel Foundry Company, Lima, Ohio, she suffered a compensable injury; that she presented her claim to the Industrial Commission of Ohio, which al-

lowed her compensation from April 7, 1943, to August 1, 1943, less the first seven days of that period, which compensation has been paid; and that the order of the commission made on January 13, 1944, with respect to her claim for disability subsequent to August 1, 1943, was as follows: "The commission further finds that the claimant's disability subsequent to August 1, 1943, is not due to said injury of April 6, 1943. * * * It is further ordered that the claim for disability subsequent to August 1, 1943, be disallowed."

The relatrix alleges that on October 13, 1944, she filed her motion requesting the respondent to amend its order of January 13, 1944, by making it definite and certain what disability she had at that time and for what disabilities compensation was being paid; and that the respondent failed and refused to amend its order, and on March 24, 1945, dismissed the motion. The relatrix alleges that "respondent's order of January 13, 1944, is indefinite and uncertain and does not determine her rights to compensation on the merits of her claim, and does not state the nature of her disability or disabilities or the exact nature of the disability for which compensation was ordered paid; that said order is indefinite, uncertain, arbitrary, unreasonable, and contrary to law." The relatrix alleges that she has no adequate remedy at law and prays that a writ of mandamus be issued against the commission requiring it to amend its order of January 13, 1944.

The respondent admits that the relatrix sustained a compensable injury on April 6, 1943, while in the course of her employment, and that an order was made by the commission on January 13, 1944, as alleged in the petition of the relatrix. The respondent denies that its order of January 13, 1944, is indefinite, uncertain, and contrary to law and specifically denies that relatrix has no adequate remedy at law. For its

second defense, the respondent alleges that the statements and allegations contained in the amended petition of the relatrix are not sufficient to constitute a cause of action. For its third defense, the respondent alleges that this court has no jurisdiction of the subject of this action.

By agreement of counsel the entire file of the commission is presented as a record of the evidence in this case.

That this court has jurisdiction to entertain this action is not open to question. Section 6, Article IV, Ohio Constitution.

Section 1465-90, General Code, in part, provides:

"If the order of the commission does not state the ground or grounds on which the claim was denied, or if the order of the Industrial Commission is not definite in such regards, the claimant may maintain an action in mandamus against the commission in the Supreme Court of Ohio."

That provision in the statute does not and cannot deprive the relatrix of her right to invoke the original jurisdiction of the Court of Appeals in mandamus.

The sole question presented is whether the order made by the commission under date of January 13, 1944, is sufficiently definite and certain to comply with the provisions of Section 1465-90, General Code, which in part provides:

"The commission shall definitely and specifically pass upon each and every issue raised in the claim, necessary for a proper and complete decision thereon."

That section provides further that, if the claim for compensation is denied, "the order of the commission shall state the ground or grounds on which the claim was denied." If the claim is denied on any one of the enumerated grounds, the section provides that "the

claimant may within thirty days after the receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim, whereupon notice shall be given to the employer and whereupon the former action of the commission thereon shall be vacated.'' One of the enumerated grounds set forth in the statute on which a claim may be denied which requires an application for rehearing is ''that the claimant's disability is not the result of the injury.'' In the instant case, the order of the commission under date of January 13, 1944, in which the claim of the relatrix for disability subsequent to August 1, 1943, was denied, recites:

''The commission further finds that the claimant's disability subsequent to August 1, 1943, *is not due to said injury of April 6, 1943.*''

An application for rehearing was filed by the relatrix but not within the statutory time. The application was dismissed by the commission. On October 13, 1944, the relatrix filed a motion to require the commission to amend its order of January 13, 1944. This motion was dismissed by the commission on March 24, 1945. The petition in mandamus was filed in this court on February 15, 1946. The order of the commission under date of January 13, 1944, was an appealable order. The relatrix did not comply with the necessary procedural steps to preserve her rights under Section 1465-90, General Code. An action in mandamus will not lie where there is a plain and adequate remedy in the ordinary course of law.

In *State, ex rel. Bassichis,* v. *Zangerle,* 126 Ohio St., 118, 184 N. E., 289, it was held:

''Failure of a relator to avail himself of his legal remedy, within the period limited by the statute providing such remedy, does not confer upon him the right to the extraordinary remedy of mandamus.''

Did the commission perform its mandatory duty under the law? We think it did. Under the provisions of Section 1465-90, General Code, the commission is charged with the duty of definitely and specifically passing upon each and every issue raised in the claim. The record shows that the commission performed its duty in this regard. Under that section the commission is charged with the duty of stating the ground or grounds on which a claim is *denied*. The record in the instant case shows that the commission, with respect to the *denial* of the claim of the relatrix for disability for the period subsequent to August 1, 1943, performed its duty by stating the ground on which the claim was *denied* in almost the exact language of the statute.

The relatrix cites the case of *State, ex rel. Moore, v. Industrial Commission*, 141 Ohio St., 241, 47 N. E. (2d), 767, as authority in support of her contention that the commission failed to perform its full duty as required by law. The first paragraph of the syllabus in that case is as follows:

"* * * In all claims for compensation on account of injury or death resulting therefrom, *if the commission denies the right of the claimant* to receive compensation or to continue to receive compensation the order of the commission *shall state the ground or grounds upon which the claim was denied.*" (Emphasis ours.)

In that case the order of the commission disallowing the claim was as follows:

"That the claim be disallowed on rehearing for the reason that decedent's death was not the result of an injury sustained in the course of and arising out of employment with the employer named therein."

The words used by the commission in disallowing the claim were almost the exact words used in the

statute. No question was raised in that case that the order failed to properly state the ground or grounds upon which the claim was denied.

In the instant case, the court concludes that the relatrix is not entitled to a writ of mandamus as prayed for.

*Writ denied.*

MILLER and HORNBECK, JJ., concur.