The State, ex rel. de Weaver, Appellant, *v.* Faust et al., Board of Examiners of Plumbers of City of Dayton, Appellees.

[Cite as State, ex rel. de Weaver, v. Faust, 1 Ohio St. 2d 100.]

(No. 38693—Decided February 24, 1965.)

*Mr. Emanuel Nadlin*, for appellant.

*Mr. Herbert S. Beane*, city attorney, and *Mr. Joseph P. Duffy*, for appellees.

SCHNEIDER, J. The remedy of prohibition is not available where there is an adequate remedy in the ordinary course of the law. The relator has an adequate remedy by way of appeal to the Court of Common Pleas under authority of Sections 2506.01 to 2506.04, inclusive, Revised Code.

The purpose of those sections is to grant relief from the specific mischief which relator fears, namely, that the respondent board will refuse, after request, to afford relator the opportunity to use its power of subpoena to produce evidence on his behalf. See Section 2506.03 (D), Revised Code.

As to relator's contention that he will be irreparably damaged if the respondent board revokes his license to engage in his occupation as a plumber, no serious constitutional problem is presented. His position is no less than if the board had temporarily suspended his license in advance of and pending the hearing. Where a licensing system is designed to provide control over licensees for the protection of the public health or safety and the licensing agency is informed that a licensed mechanic or artisan is seriously endangering the public, summary administrative suspension of the license without notice or hearing, pending a later hearing and subject to subsequent

judicial review, is neither unusual nor inappropriate, nor violative of constitutional standards. *State* v. *Stehlek*, 262 Wis. 642, 56 N. W. 2d 514; *R. A. Holman & Co., Inc.,* v. *Securities and Exchange Comm.* (C. C. A., D. C.), 299 F. 2d 127.

In this case, if, after hearing, the board should revoke the license, as respondent fears, and if he pursues his appeal to the Court of Common Pleas, he will have the opportunity to avail himself of the benefit of Section 2505.17 of the Revised Code by applying to that court for a stay of the order of revocation pending the determination of the appeal.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.