DECISION AND JUDGMENT ENTRY
The case is before the court on respondent's motions to dismiss and for summary judgment. For the reasons that follow, we grant the motion for summary judgment because relator has a plain and adequate remedy in the ordinary course of law via appeal.
 I.
Relator, David J. Wachtel, seeks writs of mandamus and/or prohibition to compel the respondent, Athens County Common Pleas Court, to provide him with certain statutory rights, described below, and motions for a preliminary injunction to prohibit respondent from appointing a state-recommended expert to evaluate his psychiatric condition, to amend his complaint and join additional respondents, and to proceed in formapauperis.
Respondent has filed a motion to dismiss, stating that the claim is in the nature of an interlocutory appeal and that relator is represented by counsel and should not be allowed to file pro se actions, and a motion for summary judgment, contending the matter is moot and attaching an entry filed December 7, 2001, granting relator conditional release under R.C. 2945.402. Relator subsequently filed a motion for extension of time to respond to the motion for summary judgment. On January 11, 2002, we ordered relator to respond to respondent's motion for summary judgment within thirty days and show cause why the matter was not moot. Relator then filed a timely combined memorandum in response to the motion for summary judgment and a motion to amend the complaint and join additional parties.
 II.
We consider the motion to dismiss and motion for summary judgment together and grant respondent's motion for summary judgment, not because the matter is moot, but because relator clearly has a plain and adequate remedy in the ordinary course of law via appeal. Respondent argues that the cause is moot because relator has been granted a "conditional release." However, a conditional release is a continued commitment subject to all hearing rights.[1] Therefore, relator remains under respondent's continuing jurisdiction.[2]
Respondent has not alleged a dispute as to any material fact in its motion for summary judgment. Moreover, by filing a motion to dismiss, respondent admits the facts stated in the complaint. Therefore, for purposes of these motions, we accept relator's statement of facts in his complaint (1) that at his trial on April 29, 1998, relator was found not guilty by reason of insanity of assault on a police officer, but, after a hearing, was committed to the mental health system by Judge Ward of the respondent-court as a mentally ill person subject to hospitalization by court order; (2) that at this commitment hearing he was not advised of his right to independent expert evaluation, at state expense if he was indigent; (3) that at his six-months hearing for continued commitment held on November 23, 1998, he was again denied notice of his right to an independent expert evaluation and that on appeal this court ordered respondent to inform relator of this right [State v. Wachtel (Aug. 29, 2000), Athens App. No. 98CA47, unreported]; (4) that at continued commitment hearings held on May 8, 2000 and December 29, 2000, he was again denied a right to independent evaluation and that at the latter hearing he made a request for independent expert evaluation by a Dr. Mossman, which respondent denied; and (5) that throughout he has been denied the right to present evidence, witnesses, and records to show he is and was not a mentally ill person subject to hospitalization by court order.
We find respondent's argument in support of the motion to dismiss — that the cause is in the nature of an interlocutory action — not well taken. R.C. 2505.03 permits appeal of a final order. R.C. 2505.02(B)(2) defines a "final order," in part, as an "order that affects a substantial right made in a special proceeding." R.C.2505.02(A)(1) defines "substantial right," in part, as a right that a "statute entitles a person to enforce or protect." R.C. 2505.02(A)(2) defines "special proceeding, in part, as an "action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action in law or a suit in equity." R.C. 2945.40(C), in part, grants persons subject to commitment hearings the right to be informed of (and presumably to exercise) the rights to independent expert evaluation and to present evidence in their own behalf.[3] Clearly, these are "substantial rights" conferred by statue in "special proceedings." Moreover, since it may be as long as two years between continued-commitment hearings,[4]
we find that each such hearing is a special proceeding. Accordingly, we overrule respondent's motion to dismiss.
Nevertheless, our finding that relator has enforceable rights through appeal also negates his cause of action for extraordinary writs. To prevail in mandamus or prohibition, relator must prove, among other things, that he has no plain and adequate remedy in the ordinary course of law.[5] It appears from the complaint that he appealed from the order of continued-commitment following the hearing of November 23, 1998, and was granted relief by this court. Therefore, not only are the issues arising out of that hearing res judicata, the case demonstrates that appeal is an effective legal remedy. Moreover, the fact that a commitment order, including a conditional release order, following each such hearing is appealable demonstrates that appeal is a plain and adequate remedy in the ordinary course of law. That relator may have failed to avail himself of the right to appeal following each such hearing does not make appeal an inadequate remedy and entitle him to an extraordinary writ now.[6] Accordingly, we grant respondent's motion for summary judgment because relator had a plain and adequate remedy in the ordinary course of law via appeal after each hearing he complains of.
Since we have granted respondent's motion for summary judgment, we overrule its motion to dismiss and relator's motions for a preliminary injunction and to amend the complaint and join additional parties. Relator's motion to proceed in forma pauperis is granted. WRITS DENIED.Costs to relator.
Harsha, J. Kline, J.: Concur in Judgment and Opinion.
David T. Evans, Administrative Judge.
[1] R.C. 2945.402(B) states: "A conditional release is a commitment. The hearings on continued commitment as described in section 2945.401 of the Revised Code apply to a defendant or person on conditional release."
[2] R.C. 2945.401(A), states: "A * * * person found not guilty by reason of insanity and committed pursuant to section 2945.40 of the Revised Code shall remain subject to the jurisdiction of the trial court pursuant to that commitment, and to the provisions of this section, until the final termination of the commitment as described in division (J)(1) of this section."
[3] If a person is found not guilty by reason of insanity, the person has the right to attend all hearings conducted pursuant to sections2945.37 to 2945.402 of the Revised Code. At any hearing conductedpursuant to one of those sections, the court shall inform the person that the person has all of the following rights:
* * *
 (2) The right to have independent expert evaluation and to have that independent expert evaluation provided at public expense if the person is indigent;
 (3) The right to subpoena witnesses and documents, to present evidence on the person's behalf, and to cross-examine witnesses against the person * * * (Emphasis Added.)
[4] R.C. 2945.401(C) states in part: "The hospital, facility, or program shall make reports after the initial six months of treatment and every two years after the initial report is made. * * * Within thirty days after its receipt pursuant to this division of a report from a hospital, facility, or program, the trial court shall hold a hearing on the continued commitment of the defendant or person or on any changes in the conditions of commitment of the defendant or person."
[5] R.C. 2731.05. State ex rel. Children's Medical Ctr. v. Brown
(1991), 59 Ohio St.3d 194, 571 N.E.2d 724.
[6] State ex rel. Bassichis v. Zangerle (1933), 126 Ohio St. 118,184 N.E. 289, paragraph two of the syllabus (mandamus); State ex rel. deWeaver v. Faust (1965), 1 Ohio St.2d 100, 30 O.O.2d 383, 205 N.E.2d 14
(prohibition).