DECISION
{¶ 1} Relator, Mekuria Neguse, seeks a writ of procedendo ordering respondent, former Judge Dale Crawford of the Franklin County Court of Common Pleas, whose successor is Judge Stephen L. McIntosh, to issue findings of fact and conclusions of law relative to relator's petition for post-conviction relief.
 {¶ 2} Pursuant to former Loc.R. 12(M) of the Tenth District Court of Appeals, this court appointed a magistrate without limitation of powers specified in former Civ.R. 53(C) to consider relator's cause of action.[1] The magistrate examined the evidence and issued *Page 2 
a decision, wherein she made findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate recommended denial of relator's request for a writ of procedendo.
 {¶ 3} Relator has filed objections to the magistrate's decision. See, generally, Civ.R. 53(D)(3)(b). Respondent has not filed a memorandum in opposition.
 {¶ 4} In his objections, relator concedes that the magistrate's findings of fact are correct; however, relator asserts that the magistrate's conclusions of law are contrary to law and erroneous. We therefore independently review the magistrate's conclusions of law to determine whether the magistrate properly applied the law to the facts of this case. See Civ.R. 53(D)(4)(d) (delineating a court's action on objections to a magistrate's decision); see, also, Civ.R. 53(D)(3)(b)(iv).[2]
 {¶ 5} A writ of procedendo is an order from a court of superior jurisdiction to a court of inferior jurisdiction to proceed to judgment.State ex rel. Davey v. Owen (1937), 133 Ohio St. 96, 106; State ex rel.Ratliff v. Marshall (1972), 30 Ohio St.2d 101, 102. See, also, State exrel. Miley v. Parrott (1996), 77 Ohio St.3d 64, 65, quoting State exrel. Dehler v. Sutula (1995), 74 Ohio St.3d 33, 35, quoting State exrel. Levin v. Sheffield Lake (1994), 70 Ohio St.3d 104, 110, reconsideration denied, 70 Ohio St.3d 1457 (explaining that "[a]n inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy"). *Page 3 
 {¶ 6} To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." Miley, supra, at 65, citing State ex rel. Sherrills v. Cuyahoga Cty. Court of CommonPleas (1995), 72 Ohio St.3d 461, 462.
 {¶ 7} On or about October 14, 1993, relator sought post-conviction relief in the Franklin County Court of Common Pleas after having been convicted of murder with specification for use of a firearm and having a weapon while under disability with specifications for prior drug abuse and assault. See State v. Neguse (1991), 71 Ohio App.3d 596 (affirming judgment of the trial court). After conducting a hearing, the trial court denied relator's petition for post-conviction relief in an entry filed on June 29, 1994. Later, on February 3, 1995, the trial court issued a nunc pro tunc entry, wherein the trial court denied relator's petition for post-conviction relief.
 {¶ 8} In January 2000, relator appealed from the trial court's denial of relator's petition for post-conviction relief. In March 2000, finding that relator's appeal was untimely, this court sua sponte dismissed relator's appeal for lack of a timely filed notice of appeal.
 {¶ 9} Relator also has filed several motions in the trial court requesting findings of fact and conclusions of law. On April 17, 2006, the trial court issued an entry explaining the history of relator's petition and denying relator's more recent requests for findings of fact and conclusions of law.
 {¶ 10} Thereafter, on April 24, 2006, relator filed the instant action seeking relief in procedendo. Respondent moved to dismiss relator's complaint in procedendo, and the magistrate later converted respondent's motion to a summary judgment motion. See, *Page 4 
generally, Estate of Sherman v. Millon (1995), 104 Ohio App.3d 614, 618, dismissed, jurisdictional motion overruled, 74 Ohio St.3d 1456
(explaining that pursuant to Civ.R. 12[B][6], a trial court may convert a motion to dismiss into a motion for summary judgment where matters outside the pleadings are contained in the motion and are not excluded by the court; however, when a trial court converts a motion to dismiss into a motion for summary judgment, the court must notify all parties).
 {¶ 11} In his objections, relator asserts that this court's sua sponte dismissal of relator's appeal in March 2000 on the grounds of lack of timeliness was error because this court should have dismissed relator's appeal on the grounds that the judgment from which relator appealed was not a final appealable order because it lacked findings of fact and conclusions of law. Relying on State v. Mapson (1982), 1 Ohio St.3d 217, wherein the Supreme Court of Ohio held "that [former] R.C. 2953.21
mandates that a judgment denying post-conviction relief include findings of fact and conclusions of law, and that a judgment entry filed without such findings is incomplete and it thus does not commence the running of the time period for filing an appeal therefrom," id. at 218, relator reasons the magistrate erred by concluding that he is not entitled to a writ of procedendo because the trial court's judgment was incomplete and the time period for filing an appeal has not yet commenced.
 {¶ 12} Although relator suggests that this court's sua sponte dismissal of relator's appeal in March 2000 was improper, in the instant action, relator is not seeking to reopen his previous appeal. Therefore, this issue is not properly before this court, and we decline to sua sponte address this issue here. See, also, LaBarbera v. Batsch (1967),10 Ohio St.2d 106, 110 (stating "there is no exception in the doctrine of res judicata for merely *Page 5 
erroneous judgments"); State v. Weatherford (Jan. 12, 2001), Wood App. No. WD-00-042 (discussing res judicata and erroneous judgment).
 {¶ 13} Rather, the issue presented by relator's complaint in procedendo resolves to whether relator has established a clear legal right to require the trial court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. Miley, supra, at 65.
 {¶ 14} For the reasons that follow, we conclude that, as a matter of law, relator is not entitled to a writ of procedendo.
 {¶ 15} In State ex rel. Jacobs v. Municipal Court of FranklinCty. (1971), 26 Ohio App.2d 113, affirmed (1972), 30 Ohio St.2d 239, this court instructed:
 * * * The writ of procedendo is, technically, one that is issued in an action that has previously been removed from an inferior court to a superior court by habeas corpus, certiorari, etc., or where an inferior court has without justification refused to take jurisdiction of a case, or to prosecute a case to judgment. The aggrieved party in those instances may apply for a writ of procedendo to direct the inferior court to take charge of the action and proceed to judgment. But if the lower court has already rendered judgment, the petition cannot be used as this would invade the scope of appellate writs of error, certiorari and appeal. Only when the lower court has refused to render a judgment will the appellate court use its original jurisdiction in procedendo. * * *
Id. at 114; see, also, State ex rel. Jacobs v. Municipal Court ofFranklin Cty. (1972), 30 Ohio St.2d 239, 244 (stating that the policy against fragmented appeals may not be circumvented under the guise of seeking a writ of procedendo).
 {¶ 16} Here, the trial court has already rendered judgment as to relator's petitions for post-conviction relief. Therefore, applying the reasoning of Jacobs, if this court were to issue a writ of procedendo as relator urges this court to do, it would invade the scope of *Page 6 
appellate writs of error, certiorari and appeal, and such issuance also would be, as a matter of law, error. Jacobs, at 114.
 {¶ 17} Furthermore, relator's failure to timely avail himself of legal remedy does not confer a right to a writ of procedendo. In State ex rel.Bassichis v. Zangerle (1933), 126 Ohio St. 118, the Supreme Court of Ohio held: "Failure of a relator to avail himself of his legal remedy, within the period limited by the statute providing such remedy, does not confer upon the right to extraordinary remedy of mandamus." Id. at paragraph two of the syllabus; see, also, State ex rel. Cartmell v.Dorrian (1984), 11 Ohio St.3d 177, 178 (observing that "[t]he fact that appellant failed to timely pursue his right of appeal does not make that remedy inadequate. If that were the case, this criterion for a writ of mandamus would be met whenever the opportunity to pursue another adequate remedy expired. Would-be appellants could thwart the appellate process simply by ignoring it"); State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 449, citing State ex rel. Nichols v.Cuyahoga Cty. Bd. of Mental Retardation Dev. Disabilities (1995),72 Ohio St.3d 205, 209 (stating that "[w]here a plain and adequate remedy at law has been unsuccessfully invoked, a writ of mandamus will not lie to relitigate the same issue").
 {¶ 18} Here, in March 2000, this court sua sponte dismissed relator's appeal from the trial court's denial of relator's petition for post-conviction relief for lack of a timely filed notice of appeal. Applying the reasoning of Bassichis, Cartmell, and Zimmerman to the facts of this case, relator's failure to timely avail himself of his legal remedy following the trial court's denial of his petition for post-conviction relief does not confer upon him the right to the remedy of procedendo in 2007. Bassichis, at paragraph two of the syllabus;Cartmell, at 178; Zimmerman, at 449. *Page 7 
 {¶ 19} Accordingly, for the reasons set forth above, even strongly construing the evidence in favor of relator, we conclude that relator is not entitled, as a matter of law, to a writ of procedendo and, as a consequence, respondent's converted motion for summary judgment properly should be granted. See, generally, Civ.R. 56; Dresher v. Burt (1996),75 Ohio St.3d 280, 293; State ex rel. Grady v. State Emp. RelationsBd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 20} Finding that the magistrate did not err by recommending denial of relator's request for a writ of procedendo, we adopt the magistrate's decision, as amplified and modified in this opinion. Therefore, we overrule relator's objections to the magistrate's decision, grant respondent's converted motion for summary judgment, and deny the requested writ of procedendo.
Objections overruled; motion for summary judgment granted; writdenied.
 BROWN and TYACK, JJ., concur. *Page 8 APPENDIX A MAGISTRATE'S DECISION IN PROCEDENDO ON MOTION FOR SUMMARY JUDGMENT {¶ 21} Relator, Mekuria Neguse, has filed this original action requesting that this court issue a writ of procedendo ordering respondent, Judge Dale Crawford of the Franklin County Court of Common Pleas, to issue findings of fact and conclusions of law relative to relator's petition for post-conviction relief. *Page 9 
 Findings of Fact: {¶ 22} 1. In 1990, relator was convicted in the Franklin County Court of Common Pleas of murder with specification for use of a firearm, and of having a weapon while under disability with specifications for prior drug abuse and assault convictions.
 {¶ 23} 2. In State v. Neguse (1991), 71 Ohio App.3d 596, this court affirmed his conviction and relator is currently incarcerated.
 {¶ 24} 3. On or about October 14, 1993, relator filed a petition for post-conviction relief in the trial court.
 {¶ 25} 4. Following a hearing, the trial court issued an order denying relator's petition for post-conviction relief. The judgment entry was dated June 29, 1994.
 {¶ 26} 5. On February 3, 1995, the trial court issued a nunc pro tunc entry again denying relator's petition for post-conviction relief.
 {¶ 27} 6. On or about January 5, 2000, relator filed a notice of appeal in this court regarding the trial court's denial of his petition for post-conviction relief.
 {¶ 28} 7. On or about March 2, 2000, this court sua sponte dismissed relator's appeal for lack of a timely filed notice of appeal.
 {¶ 29} 8. Relator did not file an appeal with the Supreme Court of Ohio from this court's dismissal of his appeal from the trial court's denial of his petition for post-conviction relief.
 {¶ 30} 9. Relator has filed several motions in the trial court requesting findings of fact and conclusions of law.
 {¶ 31} 10. On April 17, 2006, the trial court put on an entry explaining the history of relator's petition and denying his most recent request for findings of fact and conclusions of law. *Page 10 
 {¶ 32} 11. Respondent has filed a motion to dismiss relator's petition which the magistrate converted to a motion for summary judgment as respondent alleged matters outside of relator's petition.
 {¶ 33} 12. The matter is currently before the magistrate.
 Conclusions of Law: {¶ 34} For the reasons that follow, it is this magistrate's conclusion that this court should issue judgment in favor of respondent.
 {¶ 35} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. State ex rel. Mileyv. Parrott (1996), 77 Ohio St.3d 64, 65. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id.
 {¶ 36} It is undisputed that a judgment denying post-conviction relief must include findings of fact and conclusions of law. See R.C. 2953.21. It is further undisputed that a judgment entry filed without such findings is incomplete and does not commence the running of the time period for the filing of an appeal therefrom. State v. Mapson (1982),1 Ohio St.3d 217.
 {¶ 37} As noted in the findings of fact, relator did file a notice of appeal from the trial court's denial of his petition for post-conviction relief in this court. This court sua sponte dismissed relator's appeal because it was untimely. Respondent argues that this court's dismissal of relator's appeal from the trial court's denial of his petition for post-conviction relief on grounds that it was untimely infers that the trial court's entry included *Page 11 
findings of fact and conclusions of law. Otherwise, this court should have dismissed relator's appeal on grounds that there was no final appealable order. See Mapson.
 {¶ 38} In the event that this court incorrectly dismissed relator's appeal on grounds that it was untimely when it should have been dismissed on grounds that there was no final appealable order, relator could have appealed that issue to the Supreme Court of Ohio. Relator either failed to do so or, having done so, the Supreme Court either denied his appeal or otherwise affirmed this court's sua sponte dismissal.
 {¶ 39} Because relator had an adequate remedy at law and could have raised this issue previously but failed to do so, he cannot now, 12 years later, raise the issue that the trial court failed to make findings of fact and conclusions of law in June 1994 when he could have raised that issue on appeal in this court. Furthermore, as stated previously, if this court dismissed relator's January 2000 appeal from the dismissal of his petition for post-conviction relief on grounds that it was untimely when this court should have dismissed it on grounds that there was no final appealable order, relator could have raised that issue on appeal to the Supreme Court of Ohio. Having failed to do so, relator is not entitled to a writ of procedendo because he had an adequate remedy in the ordinary course of the law, which he neglected to pursue.
 {¶ 40} Based on the foregoing, it is this magistrate's conclusion that this court should grant judgment in favor of respondent and relator's procedendo action should be dismissed.
/s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE
[1] Since the matter was referred to the magistrate, the Local Rules of the Tenth District Court of Appeals and Civ.R. 53 were amended, effective May 1, 2006, and July 1, 2006, respectively. See, also, Civ.R. 86(C) (providing, in part, that amendments to Civ.R. 53 that became effective July 1, 2006, apply to "all further proceedings in actions then pending, except to the extent that their application in a particular action pending when amendments take effect would not be feasible or would work injustice, in which event the former procedure applies").
[2] Civ.R. 53(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." *Page 1