[Cite as *State ex rel. Mobley v. O'Donnell*, 2021-Ohio-715.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Alphonso Mobley, Jr.,      :

        Relator,                  :

                                     No. 20AP-193

v.                             :

                                 (REGULAR CALENDAR)

Judge Colleen O'Donnell,          :

        Respondent.             :

---

D E C I S I O N

Rendered on March 11, 2021

---

**On brief:** *Alphonso Mobley*, *Jr.*, pro se.

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Bryan B. Lee*, for respondent.

IN MANDAMUS AND PROCEDENDO
ON OBJECTIONS

BROWN, J.

{¶ 1} Relator, Alphonso Mobley, Jr., has filed a complaint seeking writs of mandamus and procedendo to compel respondent, Colleen O'Donnell, a Judge of the Franklin County Court of Common Pleas, to issue a final judgment in relator's petition for post-conviction relief and to issue findings of fact and conclusions of law as part of that decision. Respondent has filed a motion to dismiss relator's complaint, pursuant to Civ.R. 12(B)(6), on the basis that the requests for writs of mandamus and procedendo are moot.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommended this court grant respondent's motion to dismiss.

{¶ 3} Relator has filed objections to the magistrate's decision, asserting the magistrate failed to indicate whether respondent's entry denying the petition for post-conviction relief adjudicated all his claims (i.e., specifically, those raised in amendments he filed to his petition). Relator further argues that, in the absence of Civ.R. 54(B) language in the trial court's entry, such claims "remain pending." (Relator's Objs. at 3.)

{¶ 4} To be entitled to a writ of mandamus, relator must demonstrate "he has a clear legal right to the relief, that [respondent Judge O'Donnell] has a clear legal duty to provide that relief, and that [relator] has no adequate remedy at law." *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, ¶ 7, citing *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections*, 133 Ohio St.3d 153, 2012-Ohio-4267, ¶ 12.

{¶ 5} Under Ohio law, a writ of procedendo "is an order from a court of superior jurisdiction to a court of inferior jurisdiction to proceed to judgment." *State ex rel. Neguse v. Crawford*, 10th Dist. No. 06AP-389, 2007-Ohio-1168, ¶ 5, citing *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106 (1937). To be entitled to a writ of procedendo, relator "must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law." *Collier* at ¶ 7, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).

{¶ 6} Under Ohio law, "[n]either procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998).

{¶ 7} When all claims in an action are adjudicated, "Civ.R. 54(B) language is not required to make the judgment final." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 21 (1989). Further, "if the effect of the judgment as to some of the claims is to render moot the remaining claims, * * * then compliance with Civ.R. 54(B) is not required to make the judgment final and appealable." *Id.*

{¶ 8} A court may dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 9,

citing *State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 2004-Ohio-6410, ¶ 5.

{¶ 9} A court is permitted to "take judicial notice of 'appropriate matters' in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment," and such matters "include prior proceedings in the immediate case." *Pearson v. Columbus*, 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17, quoting *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10. In this respect, Ohio courts may take judicial notice in "writ action[s] without converting * * * [a] dismissal motion to a motion for summary judgment." *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000) (finding appellate court could have taken judicial notice of mootness of writ action, and further noting an event that causes a case to be moot may be demonstrated by extrinsic evidence outside the record). *See also State ex rel. Church v. Court of Common Pleas*, 9th Dist. No. 96CA006398 (Feb. 12, 1997) (granting respondent's motion to dismiss and taking judicial notice of entry by trial court in determining petition for writ of mandamus was moot).

{¶ 10} As set forth in the magistrate's findings of fact, relator pleaded guilty to criminal charges and was sentenced by the common pleas court on May 1, 2017. Relator did not file a direct appeal from his judgment of conviction, but he has subsequently filed a motion to withdraw his guilty plea and has also filed several post-conviction motions which are currently pending before this court.

{¶ 11} As relevant to the instant action, relator also filed, on February 21, 2018, a pro se petition to vacate or set aside his judgment of conviction or sentence, which the trial court construed as a petition for post-conviction relief. Shortly thereafter, relator filed several amendments to the petition, as well as a motion for summary judgment. On June 20, 2018, the trial court filed an entry denying relator's petition to vacate or set aside his judgment of conviction and also denying his motion for summary judgment. In that entry, the trial court concluded relator was not entitled to any relief on his petition, and his claims of ineffective assistance of counsel and failure to merge offenses were barred by res judicata. After the trial court filed its entry denying the petition, relator filed (on June 26, 2018) a motion for leave to amend the petition.

{¶ 12} As noted, relator's complaint in this court seeks a writ of procedendo to compel respondent to issue a final judgment on his petition for post-conviction relief. The

complaint further requests relief in mandamus to compel respondent to issue findings of facts and conclusions of law.

{¶ 13} In recommending that this court grant respondent's motion to dismiss, the magistrate found that respondent "has issued a final appealable order" denying relator's petition for post-conviction relief, and that respondent "relied on res judicata to do so, reasoning that relator had the opportunity to raise his arguments on direct appeal from the judgment of conviction and sentence." (Appended Mag. Decision at ¶ 28.) The magistrate thus concluded a writ of procedendo "to compel the trial court to enter final judgment when the trial court has done so would be futile." (Appended Mag. Decision at ¶ 28.)

{¶ 14} In his objections, relator contends the magistrate failed to indicate whether respondent adjudicated all claims he raised by way of amendments he filed to his pro se petition. As noted, however, the trial court (i.e., respondent) issued a decision denying relator's petition for post-conviction relief, and we take notice of the fact that the trial court's decision, in addition to finding relator's claims barred by res judicata, determined relator had failed to establish he was entitled to "any relief" on his petition. (Entry Denying Petition to Vacate at 1.) While a writ of procedendo is appropriate when a court has refused to render a judgment, it "will not issue to control what that judgment should be," nor will it lie "to control the exercise of judicial discretion." *State ex rel. Huffman v. Ambrose*, 8th Dist. No. 95546, 2010-Ohio-5376, ¶ 5. Moreover, a writ "will not issue if relator has or had an adequate remedy at law." *State ex rel. George v. Burnside*, 8th Dist. No. 90531, 2007-Ohio-6632, ¶ 2. On review, we agree with the magistrate that the record indicates respondent has issued a final appealable order (i.e., respondent has proceeded to judgment on the petition), and therefore relator is not entitled to a writ of procedendo.

{¶ 15} Regarding relator's request for a writ of mandamus to compel respondent to issue findings of fact and conclusions of law, the magistrate noted that "the trial court's refusal to provide such findings is an alleged error that may be resolved upon appeal from the trial court's judgment." (Appended Mag. Decision at ¶ 28.) Again, we agree with the magistrate's determination. As the Supreme Court of Ohio has recently had the opportunity to "clarify," a trial court's failure to issue findings of fact and conclusions of law with respect to a judgment denying post-conviction relief is "an error that may be corrected through an appeal, not a defect depriving the appellate court of jurisdiction over the appeal." *State ex rel. Penland v. Dinkelacker*, ___ Ohio St.3d ___, 2020-Ohio-3774, ¶ 3. Thus, a trial court's "judgment granting or denying postconviction relief is a final,

appealable order" and, "[i]f a trial court errs by failing to issue statutorily required findings of fact and conclusions of law, the petitioner may obtain relief by raising that issue in an appeal from the trial court's judgment." *Id.* at ¶ 28. Here, relator's request for a writ of mandamus to compel respondent to issue findings of fact and conclusions of law fails as he has or had an adequate remedy at law.

**{¶ 16}** Because respondent has proceeded to judgment on relator's petition for post-conviction relief, and relator has not demonstrated a duty for findings of fact and conclusions of law, we agree with the magistrate that respondent's motion to dismiss should be granted, and we overrule relator's objections. Following an independent review of this matter, we find the magistrate has properly determined the facts and applied the appropriate law. We therefore adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we grant respondent's motion to dismiss and deny relator's requests for writs of procedendo and mandamus.

> *Objections overruled; respondent's motion to dismiss granted; relator's requests for writs of mandamus and procedendo denied.*

KLATT and SADLER, JJ., concur.

_____

[Cite as *State ex rel. Mobley v. O'Donnell*, 2021-Ohio-715.]

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Alphonso Mobley, Jr., | : | |
| Relator, | : | |
| v. | : | No. 20AP-193 |
| Judge Colleen O'Donnell, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 5, 2020

*Alphonso Mobley, Jr.*, pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Bryan B. Lee,* for respondent.

IN MANDAMUS AND PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

{¶ 17} Relator, Alphonso Mobley, Jr., seeks writs of mandamus and procedendo ordering respondent, Judge Colleen O'Donnell of the Franklin County Court of Common Pleas, to issue a final judgment in relator's petition for post-conviction relief and issue findings of fact and conclusions of law as part of that decision. Respondent has filed a motion to dismiss relator's complaint for failure to state a claim because the action is moot. Findings of Fact:

{¶ 18} 1. Relator pleaded guilty to criminal charges in Franklin County Court of Common Pleas case No. 16CR-2061 and, on May 1, 2017, respondent sentenced relator to a prison term of 14 years.

{¶ 19} 2. Relator did not file a direct appeal from his initial conviction but has engaged in frequent post-conviction litigation since then.  This court has, inter alia, affirmed the trial court's denial of relator's motion to withdraw his guilty plea.  *State v. Mobley*, 10th Dist. No. 18AP-23, 2018-Ohio-3880.  He currently has appeals pending before this court in case Nos. 20AP-292 and 20AP-350, also addressing post-conviction matters in the trial court.

{¶ 20} 3. On February 21, 2018, relator filed in the court of common pleas his "Petition to Vacate or Set Aside Judgment of Conviction or Sentence," which the trial court interpreted as a petition for post-conviction relief.  This is the pleading that gives rise to the present original action.  Relator then filed successive amendments to that petition on March 9, March 23, March 29, and April 2, 2018, followed by a motion for summary judgment on March 6, 2018.

{¶ 21} 4.  Respondent issued an entry denying relator's petition for post-conviction relief on June 20, 2018.  Respondent determined that relator's claims of ineffective assistance of trial counsel and relator's claim that certain offenses to which he pleaded were allied offenses of similar import and should have been merged by the court before sentencing was  barred by res judicata.

{¶ 22} 5.  After the trial court denied relator's petition, relator filed on June 26, 2018 yet another request to amend the petition.

{¶ 23} 6.  Relator filed his complaint for writs of procedendo and mandamus in this court on April 1, 2020.  Respondent filed for a motion to dismiss on April 15, 2020.  Relator filed his memorandum contra on May 5, 2020.  Respondent has not filed a reply to the memorandum contra.

Discussion and Conclusions of Law:

{¶ 24} Proceedings under Civ.R. 12(B)(6) to dismiss a complaint for failure to state a claim upon which relief can be granted test the sufficiency of the complaint on its face, and, in appropriate cases, the effect and sufficiency of any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). The court may, therefore, only consider the complaint itself and any written instruments attached thereto by the plaintiff.  *Cline v. Mtge. Electronic Registration Sys.*, 10th Dist. No. 13AP-240, 2013-Ohio-5706, ¶ 9; *Brisk v. Draf Industries*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10; *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.).

For this court to grant a motion to dismiss an original action for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to the requested writ. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14; *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 25} In order for this court to issue a writ of mandamus, relator must show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 26} " 'A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.' " *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003-Ohio-5101, ¶ 16, quoting *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532 (1999).

{¶ 27} Neither procedendo nor mandamus will compel the performance of a duty that has already been performed. *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998). When assessing whether a relator's complaint states a claim for a writ, the magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute insofar as they affect the current original action. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8.

{¶ 28} Respondent has issued a final appealable order denying relator's motion to set aside his conviction and sentence, which the trial court took as a motion for post-conviction relief. The trial court relied on res judicata to do so, reasoning that relator had the opportunity to raise his arguments on direct appeal from the judgment of conviction and sentence. A writ of procedendo to compel the trial court to enter final judgment when the trial court has done so would be futile. With respect to the trial court's omission of findings of fact and conclusions of law, Civ.R. 52 only requires these when questions of fact are tried by the court without a jury. The trial court in this case did not try questions of fact but concluded as a matter of law based upon the record of past proceedings that relator's arguments were barred by res judicata. Findings of fact and conclusions of law required by Civ.R. 52 are unnecessary upon most motions; moreover, the trial court's refusal to provide such findings is an alleged error that may be resolved upon appeal from the trial court's

judgment.  *Ratliff v. Ratliff*, 10th Dist. No. 97APF10-1294 (Aug. 6, 1998).  It is therefore the magistrate's decision that respondent's motion to dismiss the matter for failure to state a claim is granted, and relator's request for writs of mandamus and procedendo are accordingly denied.


                                                            /S/ MAGISTRATE
                                                            MARTIN L. DAVIS


### NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).