PARAMOUNT FILM DISTRIBUTING CORP., APPELLANT, *v.* TRACY
ET AL., APPELLEES.*

(No. 6717—Decided May 29, 1962.)

*Messrs. Paxton & Seasongood, Mr. Leonard S. Meranus,
Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Russell P.
Herrold, Jr.,* for appellant.
*Mr. Mark McElroy,* attorney general, and *Mr. John A.
Hoskins,* for appellees.

DUFFEY, P. J.  This is an appeal on questions of law from
a judgment for defendants, appellees herein, in the Common
Pleas Court.  Appellant, Paramount Film Distributing Corpora-
tion, brought an action to recover an amount equal to the fees
for censorship of appellant's films paid under Chapter 3305,
Revised Code (Sections 154-47 to 154-47h, General Code).  These
fees were charged by the State Department of Education, and
the money so received was paid into the state treasury.  Each
of the defendants held or holds a state office.  Each received,
at one stage or another, and either personally or through their
deputies, the fee payments.  The total amount paid for the
period in question is $55,846.50.
Paramount alleges that the censorship statutes are, and

*Judgment affirmed, 175 Ohio St., 55.

have been held to be, unconstitutional; that the fees charged were illegal; that they were paid under protest, with a statement of the grounds of protest and of intention to sue for recovery; and that the payment was coerced and involuntary.

The action is against the defendants personally and prays for personal judgments. Appellant relies upon a common-law theory of personal liability for an official who illegally collects or receives property or money. There is no claim of any statutory ground for the suit. The particular remedial basis of the suit rests on quasi-contract principles. The trial court found that the petition did not state a cause of action and gave judgment for the defendants.

Chapter 2723 of the Revised Code provides a remedy for the recovery of illegal taxes and assessments. Section 2723.01, Revised Code, provides:

"Courts of Common Pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected."

In our opinion, this statute applies to the fees paid by appellant and operates to exclude any recovery at common law. Since appellant does not, and, on the face of the petition, could not rely upon the statutory remedy, the demurrer was properly sustained and the judgment for appellees was correct.

The history of Chapter 2723 is reviewed in *Pennsylvania Rd. Co.* v. *Scioto-Sandusky Conservancy District* (1956), 101 Ohio App., 61, appeal dismissed, 165 Ohio St., 466. Judge Fess stated, at page 66:

"* * * The provisions contained in Sections 2723.01, 2723.02 and the first paragraph of 2723.03 and Section 2723.04, Revised Code, were first enacted in substantially their present form on April 10, 1856 (53 Ohio Laws, 178). The provisions contained in Section 2723.05, Revised Code, were added May 11, 1911 (102 Ohio Laws, 110). The second paragraph of Section 2723.03 was passed July 1, 1933 (115 Ohio Laws, 600) * * *."

As the Supreme Court has stated, these statutes must be interpreted in the context of the common law as it existed in Ohio prior to 1856. *Stephan, Treas.,* v. *Daniels* (1875), 27 Ohio St., 527.

The English authorities and the main current of American case law from the early 19th century recognized the right to recover illegal taxes, assessments and license and inspection fees in a common-law action against the collector personally. The action had a number of strict requirements and there appears to have been a great variety of differences in the details from state to state. For early English authority see 7 Wait's Actions and Defenses, 403, and Roscoe's N. P. Evidence (14th Ed.), 554. Both of these authorities are cited in *Catoir* v. *Watterson* (1882), 38 Ohio St., 319. Both firmly recognize the use of the common-law writ of assumpsit against the officer for money had and received. Early American authorities can be found in Cooley on Taxation and Dillon on Municipal Corporation. Among the various law journal articles, see in particular Field's, "The Recovery of Illegal and Unconstitutional Taxes" (1932), 45 Harvard Law Review, 501. See also "Recovery of Tax Paid Under Unconstitutional Statute or Ordinance," 48 A. L. R., 1381, and 74 A. L. R., 1301; "Personal Liability of Tax Collector of State or Its Subdivision for Illegal Taxes Collected," 14 A. L. R. (2d), 383.

In the light of the authorities, *supra*, the Ohio cases dealing with the law prior to 1856 appear to clearly adopt the doctrine that a common-law action to recover against the collecting officer individually could be maintained but only if the tax was illegal by reason of a want of power to levy it. Further, it would seem clear that an unconstitutional statute was considered to be included in the category of "want of power" or lack of "color of law." See *Bell* v. *Bates* (1828), 3 Ohio, 380; *Loomis* v. *Spencer* (1853), 1 Ohio St., 153; *Thompson* v. *Kelly, Treas.* (1853), 2 Ohio St., 647; *Stephan, Treas.,* v. *Daniels* (1875), 27 Ohio St., 527; *Catoir* v. *Watterson* (1882), 38 Ohio St., 319; 38 Ohio Jurisprudence, 1200, Taxation, Section 386. The particular common-law writ available depended on circumstances, *i. e.*, trespass or assumpsit for money had and received.

The 1856 statutes were remedial in nature, designed to provide the taxpayer with a more adequate recourse against illegal exactions. See *Stephan, Treas.,* v. *Daniels, supra.* Under their terms, and under the present version, an action at law to recover money paid is brought against the collector individually. The statutes even expressly provide that in the event of the col-

lector's death, the action is against his personal representative and not against the successor in office. See the original provisions in 53 Ohio Laws, 178, and the present provision of Section 2723.03 of the Revised Code.

In 1911 (102 Ohio Laws, 110) Section 12078-1, General Code, now Section 2723.05 of the Revised Code, was added. This statute authorizes the collecting officer to refund any tax money unexpended and in his possession. Apparently, prior to its enactment, the collector's right to apply the monies paid to him in satisfaction of the personal judgment was in doubt.

When compared to the status of the remedy at law prior to 1856, it is clear that the scope of the statutory remedy includes all the pre-existing rights at law and goes further to broaden the grounds of recovery. At the same time the Legislature provided a one-year statute of limitations. This provision is a recognition of the fact that while the taxpayer needs a remedy against illegal exactions, yet the government must be provided with a reasonable basis for estimating revenues and making appropriations, and the collecting officer deserves protection from prolonged contingent liability.

To interpret Chapter 2723 as being a cumulative remedy in the alternative with the common-law remedies, either being available at the taxpayer's option, is incompatible with the structure, operation and purpose of the statute. In our opinion, the statutory remedy is not in the alternative but is in lieu and exclusive of the common-law remedies where applicable.

In *Superior Films, Inc.*, v. *Dept. of Education*, 159 Ohio St., 315, the fourth paragraph of the syllabus states that the censorship laws imposed a "license fee" and not a "tax." It is apparently appellant's position that the statutory phrase "taxes and assessments" as used in Chapter 2723 refers only to property taxes, excise taxes and benefit assessments, and does not include license or inspection "fees." Some support for such an interpretation of the statute can be found in *City of Toledo* v. *Buechele* (1899), 19 C. C., 127, 10 C. D., 280. In that case, the Circuit Court was concerned with charges exacted by the Toledo Board of Health. Without determining whether these charges constituted a "tax," the court stated, at page 134:

"* * * We think that this statute refers to such taxes as are levied by the authorities and such assessments as are made

by the authorities in the ordinary way, and that it is not intended to cover such a case as this one; and we hold that this in truth was an exaction from this plaintiff after he had procured his license, illegally, of these various sums of money as a prerequisite to the issuing of these permits, and that his action is not barred and does not come within Section 5848. * * *''

The case does not appear to have been appealed. A similar statement can be found in *City of Toledo* v. *Buechele* (1900), 21 C. C., 429, 11 C. D., 479. The judgment in the latter case was apparently affirmed without opinion. See *City of Toledo* v. *Buechele* (1902), 65 Ohio St., 603, which appears to be an appeal in the same case.

It may be that the court assumed that the common-law remedy was available as an alternative remedy. But the result of the court's interpretation is anomalous. If an illegal exaction is classified as a ''fee'' rather than a tax, the common-law remedy would be available. The taxpayer would obtain a longer period of limitations but a much narrower scope of recovery. It would also follow that, without the statute, the taxpayer would be virtually denied any equitable remedy of injunction to prevent the collection of illegal fees. See *Stephan, Treas.,* v. *Daniels* (1875), 27 Ohio St., 527, at 534. It is difficult to believe that the Legislature intended such arbitrary distinctions to be drawn between the various types of illegal exactions. The *Buechele* opinion does not cite any authority or explain its interpretation.

In various legal contexts, distinctions can be drawn between license fees, inspection fees, tolls, tribute, tallage, impost, duty, custom, and even between a ''tax'' and an ''excise.'' Generally these distinctions have to do with problems of uniformity, permissible classification and discrimination, and concepts of the economic base of the exaction. But in broad and general usage the word ''taxes'' includes all these.

In the area of remedies, the broad meaning has been frequently used. Thus in the annotation in 48 A. L. R., 1381, dealing with the recovery of unconstitutional taxes, the author states:

''This annotation, in discussing the recovery of taxes paid under an unconstitutional statute or ordinance, considers the

term 'taxes' in its broad sense as including license and probate fees as well as general taxes and local assessments. * * *''

Similar usage is found in 74 A. L. R., 1301, and 80 A. L. R. (2d), 1042.

Two Ohio cases appear to cast doubt on the *Buechele case.* The case of *Catoir* v. *Watterson* (1882), 38 Ohio St., 319, both because of its date and the statements in the opinion, appears to have been an action under the statute involving what is called a ''license'' charge. In *Superior Films, Inc.,* v. *Department of Education* (1953), 159 Ohio St., 315, the Supreme Court held the censorship fees involved in the present case were not a ''tax.'' This holding was in response to a contention that they were *discriminatory.* However, in the same opinion when discussing the taxpayer's *remedies,* the court explicitly observed that the fee collection could have been enjoined under the provisions of *Chapter 2723. Superior Films, Inc., supra,* at 335.

Generally, too, refund statutes should be liberally construed in favor of the taxpayer. In *Phoenix Amusement Co.* v. *Glander, Tax Commr.* (1947), 148 Ohio St., 592, the first paragraph of the syllabus states:

''Statutory provisions for the refund of taxes illegally or erroneously paid or paid on an illegal or erroneous assessment should be liberally construed in favor of the taxpayer.''

Considering the common-law context of its enactment, the fact that the statute is remedial, the accepted broad meaning of the word, ''taxes,'' in remedial statutes, and the opinion of the Supreme Court in the *Superior Films case,* we hold that Chapter 2723 does apply to the fees collected under the censorship statute.

Appellant had a remedy under Chapter 2723, Revised Code, that statutory remedy is exclusive and bars any common-law action. The trial court, therefore, properly sustained the demurrer and was correct in granting judgment to defendants.

The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

DUFFY and BRYANT, JJ., concur.