ENGLEWOOD HILLS, INC., ET AL., APPELLANTS, *v.* VILLAGE OF
ENGLEWOOD ET AL., APPELLEES.

[Cite as Englewood Hills v. Englewood, 14 Ohio
App. 2d 195.]

(No. 3166—Decided September 1, 1967.)

*Messrs. Allbery & Roberts,* for appellant Englewood
Hills, Inc.

*Messrs. Talbott, Jennings & Ducker,* for appellant
Diehl Construction Company.

*Messrs. Oldham & Oldham* and *Messrs. Hamrick, Le-
Crone & Parks,* for appellees.

KERNS, J. This is an appeal on questions of law from
a judgment of the Court of Common Pleas of Montgomery
County.

The plaintiffs, appellants herein, Englewood Hills,
Inc., and Leonard E. Diehl, d. b. a. Diehl Construction Com-
pany, are builders of residential homes and the owners of
land and buildings situated in the village of Englewood.

In the trial court, the plaintiffs commenced a declara-
tory judgment action challenging the validity of Ordin-
ances 416 and 417 of the village of Englewood.

In separate petitions, each plaintiff says that in ac-
cordance with the terms of such ordinances "it is prevent-
ed from connecting into the water and sanitary sewer sys-

tem until it has paid a permit and entry fee of $250.00 for each lot to tap the sewer system and a permit fee of $200.-00 for each lot to tap the water system; that said charges imposed as a tap-in charge substantially exceed the cost to the village in supervising the connection of the properties to the sanitary sewer and water system and therefore are invalid * * *."

The answer of defendants, appellees herein, says, among other things, "that all expansion of sanitary sewer main lines and sewage treatment plant facilities and all expansion of water main lines and water plant facilities needed to serve the land owned by the plaintiff and other developers which has been annexed to the village since 1960 have been paid from tap charges, sewer and water revenues, or from bonds payable from sewer revenues without levying special assessments against such lands, and that defendants propose to pay the cost of future expansion of sewer and water facilities from tap charges or by the issuance of bonds payable from sewer and water revenues including tap charges."

After hearing considerable evidence, the trial court entered judgment for the defendants, and, thereafter, upon motion of the plaintiffs pursuant to Section 2315.22, Revised Code, made the following findings:

"(1) Ordinances 416 and 417 of the defendant village were duly and regularly enacted and by their terms increased existing fees payable by contractors as a condition precedent to the issuance of permits for the establishment of water services from $100.00 to $200.00 for each house and maintained the fee for each house for sewer services at $250.00, such permit price having been fixed by prior ordinance in 1960.

"(2) That all extensions of the sewer and water system since 1960 have been paid for from income from the fees established pursuant to such ordinances or sewer and water revenues, and that no assessments of any nature have been levied by the village for the expansion of such services.

"(3) That prior to the adoption of ordinances 416 and 417 the defendant board of public affairs authorized

sufficient and necessary engineering studies and that thereupon the defendant village through its council adopted such ordinances upon the recommendation of such board of public affairs, and that such engineering data was available to the council.

"(4) That the fees established by such ordinances are fair and reasonable and bear a substantially direct relationship to the per unit cost of providing a new service to the village.

"(5) That both plaintiffs have paid such fees without written protest up until the time of filing of such suit.

"(6) That the operation of such ordinances and their predecessors have been generally and fairly administered.

"(7) That Article 18, Section 4 of the Ohio Constitution grants to municipalities sufficient authority to adopt ordinances of the type in question here and that the General Assembly has no power to limit or restrict the power and authority of the municipality in relation to acquiring, owning and operating its public utilities with the qualification that just and equitable rates are to be charged for services supplied by such utility.

"(8) That the plaintiffs have failed to sustain the burden of proof that village council of the village of Englewood abused its discretion in the enactment of ordinances 416 and 417.

"(9) That the plaintiffs are estopped to recover any sewer and water tap-in fees paid without protest prior to the commencement of this action."

In the present appeal, the plaintiff-appellant Englewood Hills, Inc., has set forth five assignments of error, and the plaintiff-appellant Leonard Diehl has set forth four assignments of error. Cumulatively, all the errors assigned by both plaintiffs-appellants challenge the third, fourth, sixth, seventh, eighth, and ninth findings of the trial court.

All the trial court's findings and conclusions appear to be closely hinged to its ruling in paragraph seven, and with reference thereto, the trial court had ample authority for the conclusion that municipalities may adopt ordinances providing for tap-in charges. See *State, ex rel. Gunderson,*

v. *South Euclid,* 72 Ohio Law Abs. 137; *Hermann* v. *State, ex rel. Cooper,* 54 Ohio St. 506, 32 L. R. A. 734; *State, ex rel. Stoeckle,* v. *Jones,* 161 Ohio St. 391; *Zehman Construction Co.* v. *Eastlake,* 92 Ohio Law Abs. 364.

The trial court's further observation in paragraph seven that the General Assembly has no power to limit or restrict the authority of the municipality in relation to acquiring, owning or operating its public utilities has also been accorded judicial sanction. *State, ex rel. McCann,* v. *Defiance,* 167 Ohio St. 313; *Board of Education* v. *Columbus,* 118 Ohio St. 295; *Colley* v. *Englewood,* 80 Ohio App. 540.

The third, fourth, sixth and eighth findings of the trial court are largely dependent upon the evidence, and our view of the record fails to disclose that any of these findings is against the weight of the evidence. Plaintiffs presented no serious challenge to the evidence submitted by the defendants to show that the fees established by the subject ordinances are fair and reasonable and bear a substantial relationship to the cost involved in providing the service. Accordingly, since the aforementioned findings are supported by sufficient evidence, the assignments of error based upon these findings must be overruled.

The only remaining error assigned challenges the conclusion reached by the trial court in paragraph nine. In this regard, Chapter 2723, Revised Code, provides for the recovery of taxes and assessments illegally levied and collected, and the present record fails to disclose that any protest was filed pursuant to Section 2723.03, Revised Code. In our opinion, the term "assessment" is broad enough to include tap-in charges of the kind under consideration. See *Paramount Film Dist. Corp.* v. *Tracy,* 118 Ohio App. 29, affirmed 175 Ohio St. 55. Hence, we find no merit in this claim of error.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.