[Cite as *Johnson v. Clark Cty. Util. Dept.*, 2014-Ohio-3356.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY**

| | | |
|---|---|---|
| WILLIAM S. JOHNSON | : | |
| | : | Appellate Case No. 2014-CA-31 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 12-CV-146 |
| v. | : | |
| | : | |
| CLARK COUNTY UTILITIES | : | (Civil Appeal from |
| DEPARTMENT, et al. | : |  Common Pleas Court) |
| | : | |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of August, 2014.

. . . . . . . . . . .

WILLIAM S. JOHNSON, P.O. Box 62, Clifton, Ohio 45316
        Plaintiff-Appellant, *pro se*

THADDIUS A. TOWNSEND, Atty. Reg. #0089197, 50 East Columbia Street, Post Office Box 1608, Springfield, Ohio 45501
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1}    William S. Johnson appeals pro se from the trial court's entry of judgment

against him on his complaint "for recovery of illegal tax lien and damages."

{¶ 2} Johnson's appellate brief separately challenges two rulings by the trial court: (1) its sustaining of a motion for judgment on the pleadings filed by appellee Clark County Utilities Department and (2) its denial of his motion for summary judgment on his complaint. With regard to judgment on the pleadings, Johnson advances two assignments of error. First, he contends the trial court erred in finding the requirements of R.C. 2723.03 applicable. Second, he claims he complied with those requirements even if they were applicable. With regard to summary judgment, Johnson also raises two assignments of error. First, he contends the trial court failed to address the "primary issue" in his motion, to wit: whether the appellee's rules and regulations holding a property owner liable for a tenant's unpaid bills are invalid, illegal, unreasonable, unconscionable, or unconstitutional. Second, he claims the trial court erred in denying him summary judgment based on his non-compliance with R.C. 2723.03.

{¶ 3} Johnson's February 2012 complaint alleged, among other things, that appellee Clark County Utilities Department Director Alice Godsey had requested and approved the placement of an unlawful tax lien on real estate he owned.[1] According to the complaint, the lien was placed on the property due to unpaid water and sewer service bills incurred by a former tenant. Johnson claimed he had no contract with the Utilities Department for water and sewer service and was not responsible for the bills. Because he already had paid the full amount of the tax lien, Johnson's complaint sought to recover that amount, $351.43, plus $5,000 in

---

[1] Johnson appears to have filed his complaint against Godsey in her official capacity. The complaint alleged, inter alia, that "[t]he Defendant, Alice J. Godsey, acting as Director of the Clark County Utilities Department[,] requested, allowed, recommend[ed], or authorized a tax lien for water and sewer service[.]" (Doc. #1). A suit against Godsey in her official capacity, however, is nothing more than a suit against the Clark County Utilities Department. See Maddox v. Greene Cty. Children Servs. Bd. of Dirs., 2014-Ohio-2312, ____ N.Ed.3d____, ¶ 14 (2d Dist.) (noting that "an official-capacity suit effectively is a suit against the public body itself"). Therefore, for ease of reference, we will refer to the appellee as the "Utilities Department."

compensatory damages for "time and expenses," as well as $15,000 in punitive damages. (Doc. #1).

{¶ 4}    The Utilities Department filed an answer in which it asserted, among other things, that "[t]he [c]omplaint should be dismissed pursuant to Chapter 2723 of the Ohio Revised Code." (Doc. #2).Thereafter, Johnson moved for summary judgment.  (Doc. #5). The Utilities Department likewise moved for summary judgment or, alternatively, for judgment on the pleadings. (Doc. #10, 22). In both motions, which were fully briefed, the Utilities Department argued, inter alia, that Johnson had failed to comply with R.C. 2723.03, which provides:

> Actions to enjoin the collection of taxes and assessments must be brought against the officer whose duty it is to collect them. Actions to recover taxes and assessments must be brought against the officer who made the collection, or if he is dead, against his personal representative. * * *
>
> *If a plaintiff in an action to recover taxes or assessments, or both, alleges and proves that he * * *, at the time of paying such taxes or assessments, filed a written protest as to the portion sought to be recovered, specifying the nature of his claim as to the illegality thereof, together with notice of his intention to sue under sections 2723.01 to 2723.05, inclusive, of the Revised Code, such action shall not be dismissed on the ground that the taxes or assessments, sought to be recovered, were voluntarily paid.*

(Emphasis added).

{¶ 5}    The Utilities Department argued below that Johnson had failed to comply with

the foregoing requirements when he satisfied the tax lien. Therefore, it maintained that his payment was deemed voluntary under the statute and that his lawsuit to recover the tax-lien amount and related damages was subject to dismissal. The trial court agreed. It reasoned:

> The Court will consider Defendant's Motion for Judgment on the Pleadings and Plaintiff's Reply first as it is dispositive of the matters pending. Construing as true all the material allegations in Plaintiff's Complaint, with all reasonable inferences to be drawn therefrom in favor of Plaintiff, it is clear that Plaintiff cannot sustain his cause of action. The defendant failed to comply with O.R.C. §2723.03 in his efforts to dispute the utility bill which was eventually, after a vote of the county commission, converted to a tax lien on his property. Specifically, Mr. Johnson failed to provide a written protest to the bill specifying the nature of his dispute, as to its alleged illegality, at the time he remitted his payment. Mr. Johnson also failed to provide notice of his intention to sue under §2723.01 to §2723.05 at the time he remitted his payment. Finally, plaintiff failed to sue the officer who made the collection. As Plaintiff failed to follow the mandates of O.R.C. §2723.03, his cause of action must fail.

> Therefore, defendant's motion for judgment on the pleadings is GRANTED; plaintiff's motion for summary judgment is DENIED, and defendant's motion for summary judgment is moot.

(Doc. #32 at 2).

{¶ 6} In his first assignment of error regarding judgment on the pleadings, Johnson argues that the water and sewer charges at issue were "fees" for services provided, not "taxes or

assessments." Therefore, he reasons that R.C. 2723.03 had no applicability. He insists that the present matter actually involves a contractual dispute regarding payment for services. Having reviewed the record and applicable law, we find Johnson's argument unpersuasive.

{¶ 7}   In *Shanahan v. v. Toledo*, 6th Dist. Lucas No. L-09-1077, 2009-Ohio-5991, the Sixth District held that a trash-collection fee fit within the ambit of R.C. 2723.03. In that case, the city of Toledo imposed a monthly "refuse fee" on residents. This trash-collection fee was added to a property owner's water and sewer bill. If not paid, delinquent fees were placed on the tax duplicate to be "'collected in the same manner as other taxes[.]'"   Appellant Shanahan filed suit challenging the fee. She sought class certification as well as an injunction against continued fee collection and a refund of fees already collected. The city opposed the suit, arguing, among other things, that compliance with R.C. 2723.03 had not been shown by any proposed class member. Shanahan responded that the statute had no applicability because it applied to "taxes and assessments," not "fees." The trial court rejected her argument, and the Sixth District affirmed. In relevant part, it reasoned:

> The written protest and notice provisions of R.C. 2723.03 are mandatory and failure to comply bars any action brought under R.C. 2723.01 to recover previously paid taxes and assessments. *Ryan v. Tracy* (1983), 6 Ohio St.3d 363, 453 N.E.2d 661, paragraph one of the syllabus.
>
> Even though appellant's complaint and original pleadings specifically sought to characterize the refuse fee as a "tax" she now argues at length that she is outside the requirements of R.C. Chapter 2723, because the monies she seeks to recover are not "taxes or assessments," but "fees." The trial court rejected this

assertion, concluding that, although legally distinguishable from taxes, "fees" are within the meaning of the words "taxes and assessments" as used in R.C. 2723.03.

"A fee is a charge imposed by a government in return for a service it provides; a fee is not a tax." *State ex rel. Petroleum Board v. Withrow* (1991), 62 Ohio St.3d 111, 113, 579 N.E.2d 705, citing *Cincinnati v. Roettinger* (1922), 105 Ohio St. 145, 137 N.E. 6. Neither of these cases implicate the application of R.C. 2723.03 nor its predecessors.

English and American authorities from the early nineteenth century recognized a right to recover illegal taxes, assessments and certain fees in a common law action against the tax collector personally. The remedy was ordinarily the use of a writ of assumpsit for money had and received. *Paramount Film Distributing Corp. v. Tracy* (1962), 118 Ohio App. 29, 31, 193 N.E.2d 283. The antecedent of the present R.C. Chapter 2723 was enacted in 1856 to provide the taxpayer with a more adequate remedy. While broadening the grounds for recovery, the enactment added a one year statute of limitations to protect a collecting officer from a prolonged period of contingent liability. *Id.* at 32, 193 N.E.2d 283.

Courts further circumscribed the remedy. Voluntary payment of even illegal taxes and assessments was held to constitute a waiver of the right to recover. *Pennsylvania RR. Co. v. Scioto-Sandusky Conservancy Dist.* (1956), 101 Ohio App. 61, 67, 137 N.E.2d 891. Nevertheless, it would eventually be held that payment of a tax to avoid a penalty, when made under protest and accompanied

with a notice of an action to recover, is not voluntary and an action may be maintained. *Id.,* citing *Western Union Telegraph Co. v. Meyer, Treas.* (1876), 28 Ohio St. 521. This ruling would find its way into R.C. 2723.03. *Pennsylvania RR. Co.* at 68, 137 N.E.2d 891.

The statute is remedial, *Amherst Builders Assn. v. Amherst* (Mar. 7, 1979), 9th Dist. No. C.A. 2776, and should be broadly construed to effect its purpose. *Paramount Film Distributing* at 33, 193 N.E.2d 283. Historically, the statute's purpose was to provide taxpayers with a method to recover taxes and assessments. In that respect, the statute should be construed broadly to encompass a wide range of levies which might reasonably be characterized as taxes or assessments.

"In various legal contexts, distinctions can be drawn between license fees, inspection fees, tolls, tribute, tallage, impost, duty, custom, and even between a 'tax' and an 'excise.' Generally these distinctions have to do with problems of uniformity, permissible classification and discrimination, and concepts of the economic base of the exaction. But in broad and general usage the word 'taxes' includes all these." *Id.*

Both the regulation and the ordinance refer to the refuse fees as taxes. Indeed, until it became inconvenient, appellant referred to the refuse fees as taxes. As the trial court noted, license "fees" have been previously held to be within the ambit of R.C. 2723.03. *Paramount Film Distributing,* supra, at 56-57; *Gottlieb v. S. Euclid,* 157 Ohio App.3d 250, 810 N.E.2d 970, 2004-Ohio-2705, ¶ 30. Given the breadth of interpretation that the statute is afforded, the apparent initial

consensus that the fees were taxes and prior decisions that license fees were encompassed within R.C. 2723.03, we must concur with the trial court that the "fees" of which appellant complains are also within the statute.

*Shanahan* at ¶20-27.

{¶ 8} Similarly, in *Englewood Hills, Inc. v. Englewood*, 14 Ohio App.2d 195, 237 N.E.2d 621 (2d Dist.1967), this court held that a tap-in fee for water and sewer services qualified as an "assessment" under R.C. 2723.03. Citing *Paramount Film Distributing*, this court reasoned that the term "assessment" as used in the statute is broad enough to encompass a tap-in fee. Because no protest had been filed pursuant to R.C. 2723.03 when the tap-in fees were paid, this court held that the plaintiffs could not recover the fees. *Id.* at 198.

{¶ 9} Upon review, we are persuaded by the Sixth District's analysis in *Shanahan* and by this court's earlier reasoning in *Englewood Hills*. We note too that the circumstances before us make the applicability of R.C. 2723.03 more readily apparent than it was in either of those cases. Even if it might be argued that the water and sewer charges at issue here originally did not qualify as "taxes or assessments" under the statute (an argument that would fail under *Shanahan* and *Englewood Hills*), Johnson refused to pay the charges. As a result the delinquency was placed on the tax duplicate for Johnson's property pursuant to the Clark County Water Department Regulations (Doc. #16, Exh.1) and the Clark County's Sewer Use Regulations (Doc. #16, Exh. 2 pg. 34), both of which allow for unpaid or delinquent charges to become a lien on the serviced property. The placement of Johnson's unpaid bills on the tax duplicate for collection in the same manner as other taxes rendered the bills even more clearly a "tax or assessment" under R.C. 2723.03 when he paid them. Accordingly, we reject his argument that the trial court erred in

finding the statute's requirements applicable.[2] The first assignment of error is overruled.

{¶ 10} In his second assignment of error regarding judgment on the pleadings, Johnson claims he did comply with the requirements of R.C. 2723.03. In support, however, he actually appears to argue that non-compliance with the statute does not preclude him from recovering the tax-lien money he paid because he did not pay *voluntarily*. In support, he reasons:

> This action was not to enjoin the collection of the tax lien since it was already paid. The action to recover the tax lien was brought against the Appellee who made the collection and received the proceeds.
>
> ORC 2723.03 does not require written protest with intent to sue to be filed to recover damages. ORC 2723.03 states that if a written protest with intent to sue was filed, by law the action cannot be dismissed under the grounds that the tax was voluntarily paid. Plaintiff's Exhibit 1 clearly shows that the tax lien was not paid voluntarily. The Defendant's Answer never raised the defense that the Plaintiff paid the tax lien voluntarily, so this issue is moot.

(Appellant's brief at 8).

---

[2]Parenthetically, we question whether the Utilities Department would be *sui juris* in this case if, as Johnson claims, it involves a simple contractual dispute outside the scope of R.C. 2723.03. A department of a city, township, or county typically is not capable of being sued in its own right. *See*, *e.g.*, *Rieger v. Marsh*, 2d Dist. Montgomery No. 24581, 2011-Ohio-6808, ¶ 14-20; *Smith v. McBride*, 10th Dist. Franklin No. 09AP-571, 2010-Ohio-1222, ¶ 8; *Ciganik v. Kaley*, 11th Dist. Portage No. 2004-P-0001, 2004-Ohio-6029, ¶ 40. We note, however, that Johnson did file a motion below to add the Clark County Board of Commissioners as a party defendant. (Doc. #11). Although the trial court never ruled on the motion, the Board's participation or non-participation in the lawsuit is immaterial given our affirmance of the judgment *against* Johnson.

{¶ 11} Upon review, we find Johnson's argument to be without merit. [3] As set forth above, the statute at issue provides that "[a]ctions to recover taxes and assessments must be brought against the officer who made the collection." R.C. 2723.03. The statute further provides that "[i]f a plaintiff in an action to recover taxes or assessments, or both, alleges and proves that he * * *, at the time of paying such taxes or assessments, filed a written protest as to the portion sought to be recovered, specifying the nature of his claim as to the illegality thereof, together with notice of his intention to sue under sections 2723.01 to 2723.05, inclusive, of the Revised Code, such action shall not be dismissed on the ground that the taxes or assessments, sought to be recovered, were voluntarily paid."

{¶ 12} On the other hand, if a plaintiff pays his taxes or assessments without (1) filing a written protest specifying the nature of the claimed illegality and (2) giving notice of his intention to sue, then the payment will be deemed voluntary and recovery will not be allowed. *Ryan v. Tracy*, 6 Ohio St.3d 363, 365, 453 N.E.2d 661 (1983) (recognizing that "the written protest and notice of intention to sue provisions of R.C. 2723.03 are mandatory and must be strictly adhered to if an action for the recovery of allegedly wrongfully collected taxes is to be maintained").

{¶ 13} Here Johnson's complaint alleged that on March 11, 2010 he gave Godsey written notice of his intent to "formally dispute" the water and sewer charges. (Doc. #1 at ¶ 15). A copy of that letter was attached to Johnson's complaint as exhibit one. The complaint further alleged that on March 16, 2010 the Clark County Board of Commissioners certified a tax lien on his property at Godsey's request. (*Id*. at ¶ 17). According to the complaint, Johnson paid the lien

---

[3]Contrary to Johnson's claim, we note that the Utilities Department's answer adequately raised the issue of non-compliance with R.C. 2723.03. The answer asserted, inter alia, that "[t]he [c]omplaint should be dismissed pursuant to Chapter 2723 of the Ohio Revised Code." (Doc. #2).

in full nearly one year later on February 16, 2011. (*Id*. at ¶ 19). On appeal, Johnson relies on his March 11, 2010 letter to Godsey as proof that he did not pay the tax lien voluntarily and that he threatened to sue. (Appellant's brief at 4, 6).

{¶ 14} We find it significant, however, that Johnson wrote the letter to Godsey shortly before the tax lien was put in place and almost *one year* before he paid it. Therefore, the letter could not possibly have served as the written protest and notice of intention to sue required by statute. Under R.C. 2723.03, such protest must be made and such notice must be given "at the time of paying such taxes or assessments[.]"[4] Because that did not occur here, the trial court did not err in finding that Johnson had not complied with R.C. 2723.03. This non-compliance with the mandatory statutory provision precluded recovery of the tax lien he paid. *Ryan* at 365. The second assignment of error is overruled.

{¶ 15} Johnson's third and fourth assignments of error challenge the trial court's ruling on his summary-judgment motion. In the third assignment of error, he contends the trial court erred in denying the motion without discussion and without giving any reason. Johnson argues that the primary issue his motion raised was whether the Utility Department's rules and regulations were invalid, illegal, unreasonable, unconscionable, or unconstitutional. He claims this remained a viable issue regardless of the applicability of R.C. 2723.03 or his ability to recover the money he paid to satisfy the tax lien.

{¶ 16} Upon review, we find Johnson's argument unpersuasive. His summary-judgment motion reveals that he challenged the Utility Department's rules and regulations in the context of arguing that the tax lien was invalid and that he was entitled to recover the money he paid to

---

[4] We note too that the March 11, 2010 letter to Godsey lacked any notice of Johnson's intention to sue.

satisfy it. (Doc. #5). He did not raise a separate, declaratory-judgment type challenge to the validity of the rules and regulations. Rather, he challenged them only as a means to recover the tax-lien money he paid. Indeed, his motion for summary judgment expressly requested "a [s]ummary [j]udgment for the full amount of the tax lien for $351.43[.]" (Doc. #5 at 1). For the reasons set forth above, however, Johnson's non-compliance with R.C. 2723.03 precluded recovery of the tax-lien money. *Ryan* at 365. And, because the consequence of his failure to comply with the statute deems his payment of the lien as voluntary, he likewise cannot recover the ancillary compensatory damages and punitive damages he alleged. Accordingly, the trial court properly denied his motion.

{¶ 17} In his final assignment of error, Johnson claims the trial court erred in denying him summary judgment based on his non-compliance with R.C. 2723.03. He asserts that the statute has no bearing on the "primary issue" raised in his motion, namely whether the Utility Department's rules and regulations unlawfully hold a property owner liable for a tenant's unpaid bills. Once again, we disagree. As explained above, Johnson challenged the rules and regulations only as a means to recover the money he paid to satisfy the tax lien. He cannot recover that money, however, because he failed to comply with R.C. 2723.03. His final assignment of error is overruled.

{¶ 18} The trial court's judgment is affirmed.

. . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

William S. Johnson
Thaddius A. Townsend
Hon. Richard J. O'Neill